THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DWIGHT BATTLES, Appellant.

Fourth Department, November 13, 1981

**APPEARANCES OF COUNSEL**

*Rose H. Sconiers (Joseph A. Shifflett* of counsel), for
appellant.

*Edward C. Cosgrove, District Attorney (Dennis Vacco* of
counsel), for respondent.

**OPINION OF THE COURT**

MOULE, J.

The question presented on this appeal is whether, and to
what extent, a witness may testify concerning a prior
robbery allegedly committed by a defendant.

Defendant was convicted, following a jury trial, of the
crimes of murder in the second degree, attempted murder
in the second degree, robbery in the first degree and
criminal possession of a weapon in the second degree. All
charges stemmed from the same incident occurring on
October 20, 1977.

Testimony during trial revealed that shortly before 1:00 A.M. on October 20, 1977 a man entered the Holiday Inn in the Town of Cheektowaga, and demanded money from the clerk while holding a loaded gun at the clerk's head. He took money from the cash register and a filing cabinet in a back office, and ordered the clerk to undress. Another employee then entered the office area; the man pointed a gun at him, demanded money and ordered him to undress. Both employees heard gunshots shortly thereafter. Defendant was identified by the two employees at different police lineups to be the man who held them at gunpoint. They also identified him at trial.

Further testimony revealed that a Cheektowaga policeman and his partner responded to a silent alarm from the Holiday Inn on October 20, 1977. When they entered the building, they observed an armed man standing at the counter who stepped forward and began firing. One policeman was shot and the other returned the fire. The policeman who was shot died from a gunshot wound to the head.

Several Deputy Sheriffs of the Erie County Sheriff's Department testified that, around midday on October 20, 1977, they observed a man lying on the back seat of a vehicle parked by a service station near the Holiday Inn. At trial, they identified the defendant as the man they removed from the car. Testimony of the Deputies revealed that the man had rolled bills protruding from his pockets and a gunshot wound on his neck. One of the Deputies further testified that a revolver was removed from the back seat of the vehicle, and that the serial number of the revolver matched that of the revolver exhibited to him at trial.

Spent bullets and fragments were found near the vehicle, in the Holiday Inn lounge and on the collar of the deceased policeman's jacket. A firearms expert testified that, in his opinion, the bullets and fragments had come from the revolver exhibited at trial.

In addition to this testimony, the prosecution was permitted to call a witness, Donald Kurek, whose testimony forms the basis of this appeal. Kurek testified that sometime after midnight on September 24, 1977 he was ap-

proached in the garage parking area of his residence in Buffalo by a man whom he identified at trial as defendant. He testified that defendant said, "Give me all your money or I'll cut your throat," and that he exhibited a large knife. He also testified that he gave the defendant a .38 caliber revolver, two rings, a watch and $52. Kurek identified the revolver exhibited at trial as the one taken from him by its serial number. Further, he testified that he had picked defendant out of two lineups at police headquarters.

On appeal, defendant contends that the court erred in allowing Donald Kurek to testify.

The rule is basic that, when a person is charged with one crime, evidence that he committed other crimes is inadmissible if such evidence is offered solely to establish criminal propensity (see *People v Santarelli,* 49 NY2d 241; *People v Jackson,* 39 NY2d 64; *People v Molineux,* 168 NY 264; Richardson, Evidence [10th ed, Prince], § 170). The basis for this rule is the fear that a jury might convict not for the crime charged, but because the accused is a person deserving of punishment *(People v Fiore,* 34 NY2d 81; *People v Molineux, supra).* However, when the evidence of a crime other than the one being tried is relevant to some issue other than criminal disposition, it is generally held to be admissible on the theory that the probative value will outweigh any potential prejudice to the accused *(People v Allweiss,* 48 NY2d 40; *People v Fiore, supra).* Consequently, certain exceptions to the general rule have evolved, resulting in the admission of evidence of other crimes when it tends to establish: (1) motive; (2) intent; (3) absence of mistake or accident; (4) common scheme or plan; and (5) identity *(People v Molineux, supra).*

Where identity is in issue and has not been conclusively established, evidence relevant to identification is admissible notwithstanding its incidental proof of guilt of a crime other than those charged *(People v Condon,* 26 NY2d 139).

Identity was clearly in issue in this case and was not conclusively established. The two clerks at the Holiday Inn were able to identify the defendant as the man who held them at gunpoint and robbed them, but they did not witness the shooting of the police officer. The partner of the

deceased officer was unable to identify the defendant. The Kurek testimony provided the essential link needed to establish that the defendant possessed the gun used in the murder.

The fact that defendant was under indictment for the crime which formed the basis of the Kurek testimony does not render such evidence inadmissible. Whatever testimony tends directly to show the defendant guilty of the crime charged is competent, even though it may also tend to show him guilty of another and distinct offense. A party cannot multiply his crimes so as to diminish the volume of competent testimony against him *(People v Thau,* 219 NY 39).

Furthermore, the prosecution did not introduce collateral evidence of the details of the Kurek robbery so as to overstep the bounds of this exception (see *People v Condon, supra).* The Kurek testimony consisted of what transpired during the robbery in terms of what was said and what was taken. Such testimony merely establishes the robbery itself. The fact that the testimony revealed certain threats made by the defendant cannot lead to the conclusion that irrelevant evidence was introduced since such threats are inherent in the nature of the crime. Also, less than one page of hundreds of pages of transcript dealt with the testimony concerning the prior robbery. In the *Condon* case, testimony concerning the prior crime was more extensive and included a detailed account of the prior robbery.

Therefore, the court properly determined that the probative value of the Kurek testimony outweighed any prejudice which might result from admitting evidence tending to prove an uncharged robbery.*

Accordingly, the court's determination is affirmed and the conviction must stand.

---

* Although the trial in this case was prior to the decision in *People v Ventimiglia* (52 NY2d 350), the procedure followed by the trial court closely adhered to that set out in *Ventimiglia* for the introduction of potentially prejudicial testimony. The prosecution made an offer of proof as to the Kurek testimony outside the presence of the jury, thereby avoiding the introduction of such testimony prior to a ruling on its admissibility.

SIMONS, J.P., HANCOCK, JR., DOERR and DENMAN, JJ., concur.

Judgment unanimously affirmed.