■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RHYMES, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction for murder and attempted robbery, defendant contends that the trial court committed reversible error when it admitted, over

objection, evidence of the defendant's prior robbery of the same establishment. Immediately after the introduction of this evidence and again during its charge, the court specifically advised the jury that this evidence was not to be considered as direct evidence or evidence of defendant's criminal propensity.

Evidence of uncharged crimes is inadmissible unless it helps to establish an element of the crimes charged or is relevant because of one of the recognized exceptions to this rule (see, People v Alvino, 71 NY2d 233, 241; People v Molineux, 168 NY 264). Testimony concerning this uncharged crime was relevant in establishing defendant's motive (see, People v Jackson, 39 NY2d 64, 67-68; People v Pucci, 77 AD2d 916, 917; People v Morales, 75 AD2d 745, 746) and his identity (cf., People v Robinson, 68 NY2d 541, 550). Further, because the probative value of this evidence outweighs any potential prejudice, which was minimized by the court's repeated limiting instruction, the trial court properly admitted this evidence (see, People v Ventimiglia, 52 NY2d 350, 359).

The trial court also properly admitted the murdered bar owner's statement during his struggle with one of the armed robbers as an excited utterance (see, People v Brown, 70 NY2d 513, 519-522; People v Edwards, 47 NY2d 493, 496-498). (Appeal from judgment of Supreme Court, Monroe County, Cornelius, J.—murder, second degree; attempted robbery, first degree.) Present—Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.