■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROQUE GUERRERO, Respondent.—Order unanimously reversed on the law, motion denied and matter remitted to Supreme Court for further proceedings on the indictment. Memorandum: We reject defendant's contention that the search warrant failed to describe the premises to be searched with particularity. Upon entering the premises, the police discovered that it had an upper level. The entire apartment, which the warrant application described as a lower apartment, was secured and no search was made until the court granted the application for an amended search warrant to include the upper level.

The error in the description of the premises to be searched does not invalidate the warrant. The premises intended to be searched was identifiable and there was "no reasonable probability that a search [would] be made of premises other than the one intended to be searched under the warrant" *(People v Mongno,* 67 Misc 2d 815, 818; *see also, Steele v United States No. 1,* 267 US 498; *People v Salgado,* 57 NY2d 662, *rearg denied* 57 NY2d 956; *People v Taggart,* 51 AD2d 863).

The officer who accompanied the police to the premises to execute the warrant was familiar with the information in the warrant application that the apartment intended to be searched was the one that had its entrance in the front and side. Thus, there was no reasonable probability that the other apartment in the building, which had its entrance in the rear of the building, would be searched.

The warrant application, supported by the sworn statement of the investigator, specifically set forth the contents of intercepted telephone calls and the details of the surveillance and established that there was probable cause to believe that contraband would be found on the premises. The Court of Appeals has expressed its strong preference for search warrants, adding that, "[w]here a search warrant has been secured, the *bona fides* of the police will be presumed and the subsequent search upheld in a marginal or doubtful case" *(People v Hanlon,* 36 NY2d 549, 558). The standard to be applied in determining whether a police officer had probable cause "is the standard of what would be probable cause to ' "a reasonable, cautious and prudent police officer" ' " *(People v Valentine,* 17 NY2d 128, 132). "[A] police officer is entitled to draw on his whole knowledge and experience as a criminal investigation officer" *(People v Corrado,* 22 NY2d 308, 313, *rearg denied* 23 NY2d 921). Judged by these standards, we conclude that the search warrant was supported by probable cause. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Suppression.) Present—Callahan, J. P., Boomer, Balio, Lawton and Davis, JJ.