■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD WHEATLEY, Appellant. [621 NYS2d 605] —Judgments, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered March 21, 1991, convicting defendant, after a jury trial, of attempted murder in the second degree and assault in the first degree, and, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of 7 to 21 years and 5 to 15 years, and 1 to 3 years, respectively, unanimously affirmed.

Defendant's claim that the trial court erred in not permitting codefendant's counsel to cross-examine the victim, an off-duty police officer, about the possible ramifications to his pension of not having identified himself as a police officer to his assailants is unpreserved for review as a matter of law, defendant never having joined in codefendant's objection (People v Buckley, 75 NY2d 843, 846), and we decline to review it in the interest of justice. If we were to review it, we would find that codefendant's counsel's personal "understanding" did not provide a good faith basis for arguing that the victim had a motive to lie in testifying that he had identified himself as a police officer because otherwise his injury would not be designated as line-of-duty for purposes of his pension, that the questions put concerning the possibility and effect of a line-of-duty designation called for pure speculation on the part of the victims, and that the line of questioning was therefore properly disallowed (see, People v Harrell, 209 AD2d 160). We would also find that, in any event, no harm was sustained as a result of the claimed error in view of the admission of the unusual occurrence report indicating that the victim told a police captain that he had not identified himself as a police officer. Concur—Wallach, J. P., Rubin, Asch, Nardelli and Tom, JJ.