■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. SEYBOLD, Appellant. [629 NYS2d 561] —Case held, decision reserved and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: County Court erred in denying defendant's request for a *Franks/Alfinito* hearing *(see, Franks v Delaware,* 438 US 154; *People v Alfinito,* 16 NY2d 181) to challenge the veracity of the affiant's statements in the warrant application. As part of his omnibus motion, defendant sought to suppress the contraband seized from his home on the grounds that the search warrant was not based on probable cause, the warrant failed to designate or describe adequately the place to be searched, and the application in support of the warrant was based on false statements by the affiant or statements made by the affiant in reckless disregard for their truth. In support of his application for a *Franks/Alfinito* hearing, defendant submitted two affidavits from individuals who were present at defendant's residence on the night that the informant allegedly made a "controlled buy" of cocaine from defendant. Those individuals not only averred that defendant did not sell any cocaine to the informant, but also averred that the informant left defendant's house with one of the affiants to buy some beer during the time the so-called "controlled buy" was alleged to have taken place. In the warrant application, the investigator acknowledged that, on the night of the surveillance, two men left defendant's house and drove off in a Jeep before returning a short time later, but did not identify one of the men as the informant. If the informant was one of the two men who left the house, and if the investigator knew that he was but failed to include that information in the warrant application, then that omission would taint the factual assertion that a "controlled buy" took place. Without the information on the "controlled buy", the affidavit's remaining contents are insufficient to establish probable cause *(see, Franks v Delaware, supra,* at 156, 171-172). Thus, the matter must be remitted to Onondaga County Court to conduct a *Franks/Alfinito* hearing.

We reject the contention of defendant that the search warrant did not adequately describe the premises to be searched. Although the addendum to the warrant, pertaining to the location of the premises on the even-numbered side of the road, was not attached prior to the execution of the warrant, the premises were identifiable, and there was no reasonable probability that any premises other than those intended would be searched (see, People v Guerrero, 181 AD2d 1030). Furthermore, the record establishes that the investigator who requested the warrant advised the issuing Magistrate that the actual address for the residence was not ascertainable prior to the execution of the warrant and he participated in the execution of that warrant. Thus, there is no reasonable probability that the wrong premises would be searched (see, People v Guerrero, supra; People v Eldridge, 173 AD2d 975, 976; People v Davis, 146 AD2d 942, 943-944).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Lawton, Callahan, Davis and Boehm, JJ.