■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT HALL, SR., Appellant. [654 NYS2d 491] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal sale and criminal possession of a controlled substance in the third degrees (Penal Law §§ 20.00, 220.39 [1]; § 220.16 [1]), arising from a drug transaction on September 24, 1991.

At trial, an undercover officer testified that, on September 24, 1991, he went to a liquor store and spoke to defendant and James Higdon about purchasing cocaine. After some discussion, the officer handed $100 to defendant for five bags of cocaine. Defendant placed the money in the cash register and directed Higdon to obtain the drugs. The officer testified that, after Higdon left, he and defendant drove to a location near the liquor store. After waiting there, they then proceeded to drive to a laundromat, and on the way they saw Higdon. Defendant got out of the car, spoke to Higdon and Higdon then went to the passenger side of the car and handed the officer five red baggies containing cocaine.

We reject defendant's contention that County Court erred in permitting the officer to testify regarding two prior drug transactions for which defendant was not charged. In those transactions, as in the one for which defendant was charged, the arrangements to purchase cocaine were made at the same liquor store and, as with the September 24th transaction, it was Higdon who delivered the baggies containing the cocaine at a place other than the liquor store. Although as a general

rule the prosecution may not attempt to prove crimes not charged in the indictment, an exception to that rule is that such evidence is admissible "when evidence of prior crime is probative of the crime now charged" (*People v Ventimiglia*, 52 NY2d 350, 359; *see, People v Allweiss*, 48 NY2d 40; *People v Molineux*, 168 NY 264; *People v Battles*, 83 AD2d 164). Evidence of those prior drug transactions was admissible to show defendant's pattern of executing drug transactions through the same agent. Further, the court instructed the jury that it could not consider the evidence of the prior transactions as demonstrating defendant's propensity to commit the crimes charged.

The court properly admitted the transcript of the tape recording from the body-wire worn by the officer while driving with defendant on September 24th. Although portions of the tape were inaudible, the court found that the tape as a whole was admissible (*see, People v Norwood*, 142 AD2d 885, *lv denied* 72 NY2d 960) and instructed the jury that the transcript was admitted only as an aid. Defendant did not object to the court's limiting instructions and the record does not indicate that defendant accepted the court's invitation to submit an alternate transcript if he were dissatisfied with the one prepared by the People.

Higdon, a witness for the defense, invoked the Fifth Amendment when asked on cross-examination about his involvement in two prior drug transactions. Defendant did not object to the court's instruction to the jury that it could consider the refusal of Higdon to answer only on the issue of his credibility as a witness. Thus, the issue is unpreserved for our review (*see,* CPL 470.05 [2]). Were we to exercise our power to consider it as a matter of discretion in the interest of justice, we would conclude that the instruction was proper (*see, People v Siegel*, 87 NY2d 536, 543).

The contention that the court erred in charging the jury on the elements of criminal sale and possession of a controlled substance is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We have considered defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.