◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEARSON E. MILES, JR., Appellant. [741 NYS2d 774] —Appeal from a judgment of Supreme Court, Erie County (Buscaglia, J.), entered April 23, 1999, convicting defendant after a jury trial of, inter alia, course of sexual conduct against a child in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [former (a)]) and endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that Supreme Court erred in refusing to excuse for cause a prospective juror who was a deputy superintendent with the New York State Department of Corrections and who stated his belief that most prison inmates were guilty. The juror responded in the negative when asked if anything about his experience would prevent him from being fair and impartial, and thus we conclude that defendant failed to establish that the prospective juror had "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; see generally People v Arnold, 96 NY2d 358, 362).

We further reject defendant's contention that the court erred in admitting expert testimony concerning child sexual abuse accommodation syndrome. "[E]xpert testimony regarding * * * abused child syndrome or similar conditions may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand" (People v Carroll, 95 NY2d 375, 387). Here, the testimony regarding the elements of child sexual abuse accommodation syndrome was general in nature, and in presenting the testimony the People "did not attempt to impermissibly prove that the charged crimes occurred" (id.).

Defendant failed to preserve for our review his further contentions in his pro se supplemental brief that Penal Law § 130.75 (former [a]) is unconstitutional because it violates his constitutional right to be informed of the "nature and cause of the accusation," it allows for too broad a time frame, and it does not allow for a defense to specific charges (see generally People v Gray, 86 NY2d 10, 20-21; People v Iannelli, 69 NY2d

684, 685). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant further contends that the statute is unconstitutional because lesser included offenses are not available. Contrary to defendant's contention, there is no requirement that lesser included offenses be available for every crime. In any event, we note that the court offered to charge course of sexual conduct against a child in the second degree (Penal Law § 130.80) as a lesser included offense, and defense counsel declined that offer.

We further conclude that the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712; *People v Baldi*, 54 NY2d 137, 147). The evidence is legally sufficient to support the conviction and the verdict is not contrary to the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Hurlbutt, Burns and Lawton, JJ.