Appeal from a judgment of Jefferson County Court (Martusewicz, J.), entered April 30, 2001, convicting defendant upon his plea of guilty of criminal possession of a controlled substance in the second degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Contrary to defendant’s contention, County Court properly determined that there was probable cause to support the issuance of the search warrants leading to the arrest of defendant and his subsequent conviction, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). “The sworn statement [s] of a citizen informant attesting to facts directly and personally observed by [her are] sufficient to support the issuance of [the] search warrant[s]” (People v Wilson, 284 AD2d 958, 958 [2001], lv denied 96 NY2d 943 [2001]; see also People v *1052 Martinez, 298 AD2d 897, 898 [2002], lv denied 98 NY2d 769 [2002], cert denied — US —, 123 S Ct 1752, [2003] reh denied — US —, 123 S Ct 2266 [2003]). In this case, the attesting witness was familiar with marihuana and personally observed what she believed to be marihuana in the locations to be searched. Thus, her sworn statements established probable cause to believe that a search of those locations “would result in evidence of drug activity” (People v McLaughlin, 269 AD2d 858, 858 [2000], lv denied 95 NY2d 800 [2000]; see Martinez, 298 AD2d at 898). Any misreading of the witness’s statements by the court did not invalidate the warrants because the court’s misreading did not concern the witness’s observations of marihuana. Also contrary to defendant’s contention, the descriptions of the locations to be searched contained in the warrants and the supporting affidavits were “sufficiently definite to enable the searcher to identify” those locations (People v Nieves, 36 NY2d 396, 401 [1975]), and “there is no reasonable probability that the wrong [locations] would be searched” (People v Seybold, 216 AD2d 935, 936 [1995]). Present—Pine, J.P, Wisner, Hurlbutt, Gorski and Lawton, JJ.