■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY P. HERINGTON, Appellant. [782 NYS2d 214]—

Appeal from a judgment of the Livingston County Court (Gerard J. Alonzo, Jr., J.), rendered May 8, 2003. The judgment convicted defendant, upon a jury verdict, of sodomy in the second degree (eight counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of eight counts of sodomy in the second degree (Penal Law former § 130.45 [1]). Contrary to defendant's contention, County Court properly admitted expert testimony concerning child sexual abuse accommodation syndrome for the purpose of explaining why a child might not immediately report an incident of abuse (*see People v Carroll*, 95 NY2d 375, 387 [2000]). Also contrary to defendant's contention, "a *Frye* hearing was unnecessary because the expert[ ] testimony did not involve novel scientific evidence" (*People v Middlebrooks*, 300 AD2d 1142, 1143 [2002], *lv denied* 99 NY2d 630 [2003]; *see generally People v Gillard*, 7 AD3d 540 [2004]; *People v Doherty*, 305 AD2d 867 [2003], *lv denied* 100 NY2d 580 [2003]; *People v Miles*, 294 AD2d 930 [2002], *lv denied* 98 NY2d 678 [2002]). Furthermore, we conclude that the expert testimony was properly admitted during the People's case-in-chief and prior to the testimony of the complainant in order "to set the stage before [she] testifie[d]" (*People v Parks*, 41 NY2d 36, 49 [1976]).

Defendant's challenge to the legal sufficiency of the evidence

is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). Contrary to defendant's further contentions, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]) and the sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Gorski, Martoche and Hayes, JJ.