THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY S. EDSALL, Appellant. [829 NYS2d 337]—

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered July 20, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and tampering with physical evidence.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) and tampering with physical evidence (§ 215.40 [2]). We agree with defendant that County Court erred in admitting evidence that he attempted to purchase drugs approximately four months after the robbery, inasmuch as there was no evidence that defendant's drug use on that date was connected to the acts alleged in the indictment (*cf. People v Hall*, 236 AD2d 789 [1997], *lv denied* 89 NY2d 1093 [1997]). We

conclude, however, that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted, particularly in view of the fact that other evidence of defendant's drug use was properly admitted (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We reject the further contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). "Speculation that a more vigorous cross-examination might have [undermined the credibility of a witness] does not establish ineffectiveness of counsel" (*People v Adams*, 247 AD2d 819, 819 [1998], *lv denied* 91 NY2d 1004 [1998]; *see generally People v Turner*, 5 NY3d 476, 480 [2005]). Contrary to the further contentions of defendant, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.