THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN J. CHENEVERT, Appellant. [860 NYS2d 711]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered May 25, 2005. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the seventh degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]). Defendant contends that he was denied effective assistance of counsel because, inter alia, his attorney had a business relationship with codefendant's attorney, and County Court failed to conduct a sufficient *Gomberg* inquiry after learning of that relationship. We reject that contention. "Defendant informed the court that he wanted defense counsel to continue to represent him, and it thus cannot be said that defendant was denied effective assistance of counsel" (*People v Floyd*, 45 AD3d 1457, 1459-1460 [2007], *lv denied* 10 NY3d 811 [2008]; *see People v Kopp*, 33 AD3d 153, 158-159 [2006], *lv denied* 7 NY3d 849 [2006], *cert denied* 549 US —, 127 S Ct 1296 [2007]; *People v Murphy*, 224 AD2d 1023 [1996], *lv denied* 87 NY2d 1022 [1996]; *see generally People v McDonald*, 68 NY2d 1, 8-9 [1986], *rearg dismissed* 69 NY2d 724 [1987]). We have reviewed

defendant's contention with respect to the remaining alleged instances of ineffective assistance of counsel and conclude that it is without merit (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Contrary to defendant's further contention, "the verdict, based on the applicability of the automobile presumption . . . , is not against the weight of the evidence" (*People v Wilburn*, 50 AD3d 1617, 1618 [2008]; *see People v Lesane*, 284 AD2d 249, 250 [2001]; *People v Delvas*, 181 AD2d 740 [1992]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted following a jury trial, and it must therefore be amended to reflect that he was convicted following a nonjury trial (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.