■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY BASSETT, Appellant. [866 NYS2d 473]—

Appeal from a judgment of the Supreme Court, Erie County (Amy J. Fricano, J.), rendered October 25, 2006. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the second degree (two counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, after a jury trial, of, inter alia, two counts of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [a], [b]), defendant contends that, after discharging a juror, Supreme Court erred in failing to examine the remaining jurors on an individual basis to determine whether they had been prejudiced by certain disclosures made by the discharged juror. He further contends that the court erred in denying his motion for a mistrial on that ground. We conclude that the court's use of paper ballots to inquire whether the impartiality of any of the remaining jurors had been affected by statements of the discharged juror and whether they wished to speak to the court individually about the incident was "sufficient to protect the defendant's right to a fair trial" (*People v Knorr*, 284 AD2d 411, 412 [2001], *lv denied* 96 NY2d 903 [2001]), and, in any event, was the functional equivalent of interviewing each juror individually (*see People v Buford*, 69 NY2d 290, 299 [1987]). Further, the court gave a curative instruction directing the jury to reach its verdict based solely on the evidence at trial and not to consider any external influences, and the jury is presumed to have followed the court's instructions (*see generally People v Hall*, 53 AD3d 1080, 1083 [2008]). Thus, we conclude that the court did not abuse its discretion in denying defendant's motion for a mistrial (*see generally People v Toland*, 2 AD3d 1053, 1055 [2003], *lv denied* 2 NY3d 808 [2004]).

Defendant further contends that the verdict with respect to the counts charging the violation of Penal Law § 130.80 (1) (a) and (b) is against the weight of the evidence because the testimony of the victim with respect to those counts was incredible as a matter of law. We reject that contention. It cannot be said that the testimony of the victim was "impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Ptak*, 37 AD3d 1081, 1082 [2007], *lv denied* 8 NY3d 949 [2007] [internal quotation marks omitted]) and, indeed, we note that her

testimony was corroborated by other witnesses. With respect to the testimony of the victim regarding count two, the fact that her testimony concerning the time frame in which defendant ceased his sexual contact with her was vague and contradictory at times does not render her testimony incredible as a matter of law (*see People v Harp*, 20 AD3d 672, 673 [2005], *lv denied* 5 NY3d 852 [2005]). Thus, according great deference to the jury's resolution of credibility issues, we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to the further contention of defendant, he was not denied a fair trial when the court admitted testimony that he fondled himself in the presence of a friend of the victim's sister while the friend was spending the night at the victim's house. That evidence was admissible to complete the narrative of the events charged in the indictment (*see People v Till*, 87 NY2d 835, 836-837 [1995]; *People v Gines*, 36 NY2d 932, 932-933 [1975]), and it also provided necessary background information (*see People v Tarver*, 2 AD3d 968 [2003]). The court also properly admitted the testimony of the victim concerning defendant's alleged assault of her mother. "Prior and concurrent threats and violence to the victim's family . . . are admissible . . . to explain the victim's failure to reveal the ongoing sexual assaults" (*People v Greene*, 306 AD2d 639, 642 [2003], *lv denied* 100 NY2d 594 [2003]; *see People v Bennett*, 52 AD3d 1185, 1187 [2008]). Here, the testimony of the victim that defendant had assaulted her mother was admissible for the purpose of explaining the victim's delay in reporting the ongoing sexual conduct (*see Bennett*, 52 AD3d at 1187; *Greene*, 306 AD2d at 642). We note in any event that "the court provided the jury with appropriate limiting instructions immediately after the challenged testimony was elicited," thus minimizing any potential prejudice to defendant (*People v Johnson*, 45 AD3d 606 [2007], *lv denied* 9 NY3d 1035 [2008]; *see People v Rhymes*, 149 AD2d 906 [1989]).

We reject defendant's further contention that the court erred in allowing the People to present the testimony of a witness concerning child sexual abuse accommodation syndrome (CSAAS) without first conducting a *Frye* hearing. We note at the outset that, contrary to defendant's contention, the experience, training and education of the witness adequately qualified him to testify as an expert on CSAAS. With respect to the merits of defendant's contention that a *Frye* hearing was required, it is well settled that expert testimony concerning CSAAS is admissible to assist the jury in understanding the unusual conduct of victims of child sexual abuse provided that, as here, the

testimony is general in nature and does "not attempt to impermissibly prove that the charged crimes occurred" (*People v Carroll*, 95 NY2d 375, 387 [2000]; *see People v Gillard*, 7 AD3d 540 [2004], *lv denied* 3 NY3d 659 [2004]; *People v Doherty*, 305 AD2d 867, 868 [2003], *lv denied* 100 NY2d 580 [2003]; *People v Miles*, 294 AD2d 930 [2002], *lv denied* 98 NY2d 678 [2002]), and a "*Frye* hearing was unnecessary [in this case] because the expert's testimony did not involve novel scientific evidence" (*People v Middlebrooks*, 300 AD2d 1142, 1143 [2002], *lv denied* 99 NY2d 630 [2003]).

Contrary to the further contention of defendant, the court properly denied his request for the victim's counseling records and his request that the victim's counselor testify at trial. An exception to the general rule that a licensed social worker shall not be required to disclose a communication by his or her client in the course of the professional employment is "where the client is a child under the age of sixteen and the information acquired by such social worker indicates that the client has been the victim or subject of a crime . . . the commission of [which] is a subject of inquiry" (CPLR 4508 [a] [3]). Here, the court determined following an in camera inspection of the victim's counseling records that they did not relate to the crimes committed by defendant (*see generally People v Tissois*, 72 NY2d 75 [1988]). Further, "[a] request to examine privileged records for the purpose of impeaching . . . [the] general credibility [of a witness] constitutes an impermissible use of confidential material" (*People v Tissois*, 131 AD2d 612, 614 [1987], *affd* 72 NY2d 75 [1988]), and thus the court properly denied defendant's request to obtain either the victim's counseling records or the testimony of the victim's counselor for impeachment purposes (*see People v Beard*, 1 AD3d 1052, 1053 [2003], *lv denied* 4 NY3d 741 [2004]; *see generally People v Gissendanner*, 48 NY2d 543, 549-550 [1979]).

We reject the further contention of defendant that he received ineffective assistance of counsel. Defendant contends that defense counsel should have sought dismissal of the indictment based on the overly broad response in the People's bill of particulars with respect to the time frames in which the crimes were allegedly committed by defendant. In order to establish that defense counsel's failure to make a particular pretrial motion constituted ineffective assistance of counsel (*see generally People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Marcial*, 41 AD3d 1308 [2007], *lv denied* 9 NY3d 878 [2007]), "defendant must show that the particular motion, if made, would have been successful and that defense counsel's failure to make that mo-

tion deprived him of meaningful representation" (*Marcial*, 41 AD3d at 1308; *see People v Matthews*, 27 AD3d 1115, 1116 [2006]). Defendant failed to make that showing herein, inasmuch as the crime of course of sexual conduct against a child is a continuing crime "permitting an allegation that the offenses occurred 'over a significant period of time' " (*People v Weber*, 25 AD3d 919, 923 [2006], *lv denied* 6 NY3d 839 [2006], quoting *People v Shack*, 86 NY2d 529, 540 [1995]; *see People v Green*, 17 AD3d 1076 [2005], *lv denied* 5 NY3d 789 [2005]). Defense counsel also was not ineffective for failing to move for a trial order of dismissal on the ground of legal insufficiency at the close of the People's case, thereby failing to preserve that issue for our review. "Deprivation of appellate review . . . does not per se establish ineffective assistance of counsel" (*People v Acevedo*, 44 AD3d 168, 173 [2007], *lv denied* 9 NY3d 1004 [2007]) but, rather, a defendant must also show that his or her contention would be meritorious upon appellate review (*id.* at 173-174). Defendant failed to make that showing because we conclude that the conviction is indeed supported by legally sufficient evidence (*see generally Bleakley*, 69 NY2d at 495). We also reject defendant's contention that defense counsel was ineffective in failing to conduct an adequate cross-examination of the People's expert witness and to challenge his qualifications or familiarity with CSAAS. "Speculation that a more vigorous cross-examination might have [undermined the credibility of a witness] does not establish ineffectiveness of counsel" (*People v Adams*, 247 AD2d 819, 819 [1998], *lv denied* 91 NY2d 1004 [1998]; *see People v Edsall*, 37 AD3d 1100, 1101 [2007], *lv denied* 9 NY3d 843 [2007]; *see generally People v Turner*, 5 NY3d 476, 480 [2005]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). The sentence is not unduly harsh or severe.

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of two counts of sexual conduct against a child in the first degree, and it must therefore be amended to reflect that he was convicted of two counts of course of sexual conduct against a child in the second degree (*see generally People v Martinez*, 37 AD3d 1099, 1100 [2007], *lv denied* 8 NY3d 947 [2007]). Present—Smith, J.P., Lunn, Fahey and Peradotto, JJ.