FOURTH DEPARTMENT, MARCH, 2009

(March 20, 2009)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WALLACE, Appellant. [875 NYS2d 353]—

Appeal from a judgment of the Supreme Court, Monroe County (Elma A. Bellini, A.J.), rendered April 26, 2005. The judgment convicted defendant, upon a jury verdict, of rape in the third degree (seven counts), criminal sexual act in the third degree, rape in the first degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, seven counts of rape in the third degree (Penal Law § 130.25 [2]). Contrary to the contention of defendant, Supreme Court properly precluded him from cross-examining his wife with respect to the child custody petition that she filed against him in Family Court. Evidence concerning the motive of a witness to lie is never collateral and thus is not an improper subject of cross-examination (*see People v Corby*, 6 NY3d 231, 235-236 [2005]; *People v Hudy*, 73 NY2d 40, 56-57 [1988]; *see generally People v Shairzai*, 215 AD2d 259, 263 [1995], *lv denied* 86 NY2d 802 [1995]). The court, however, may preclude a party from cross-examining a witness with respect to his or her motive to lie when such questioning calls for speculation (*see People v Wheatley*, 211 AD2d 572 [1995], *lv denied* 85 NY2d 916 [1995]; *People v Ayers*, 161 AD2d 770, 770-771 [1990], *lv denied* 76 NY2d 937 [1990]), and that is the case here.

We agree with defendant that the court erred in precluding him from cross-examining his wife concerning prior bad acts committed by her that resulted in an adjournment in contemplation of dismissal (*see People v Jones*, 24 AD3d 815, 816 [2005], *lv denied* 6 NY3d 777 [2006]; *People v Batista*, 113 AD2d 890, 891 [1985], *lv denied* 67 NY2d 648 [1986]). We also agree with

defendant that the court erred in precluding him from cross-examining the victim concerning a poem that she gave to him in which she expressed her love for him (*see generally People v Rosado*, 53 AD3d 455, 456 [2008], *lv denied* 11 NY3d 835 [2008]). We nevertheless conclude, however, "that there is no reasonable possibility that [those] error[s] might have contributed to defendant's conviction and that [they were] thus harmless beyond a reasonable doubt" (*People v Crimmins*, 36 NY2d 230, 237 [1975]). We note in particular that defendant was permitted to cross-examine his wife concerning her conviction of welfare fraud and to cross-examine the victim with respect to her love for defendant.

We reject the further contention of defendant that he was denied his right to a fair trial based on the court's alleged hostility toward defense counsel. We conclude that the court did not display any animosity that it may have had toward defense counsel in the presence of the jury and that its treatment of defense counsel before the jury was fair. In any event, the court instructed the jury to disregard any impression it may have formed with respect to the court's opinion concerning the case, and the jury is presumed to have followed that instruction (*see People v Harris*, 57 AD3d 1523, 1524 [2008]; *People v Bassett*, 55 AD3d 1434, 1435 [2008]; *People v Dickerson*, 55 AD3d 1276, 1278 [2008], *lv denied* 11 NY3d 924 [2009]). We further conclude that the sentence is not unduly harsh or severe.

We reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to rebut the expert testimony concerning child sexual abuse accommodation syndrome (CSAAS) (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The expert witness who testified with respect to CSAAS provided only a general explanation of the possible behaviors demonstrated by a victim of child sexual abuse, and he did not impermissibly offer an opinion on the issue whether defendant had committed the sex crimes charged in the indictment (*see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Stuckey*, 50 AD3d 447, 449 [2008], *lv denied* 11 NY3d 742 [2008]; *People v Pomales*, 49 AD3d 962, 963-964 [2008], *lv denied* 10 NY3d 938 [2008]). We also reject the contention of defendant in his pro se supplemental brief that defense counsel was ineffective in failing to request a *Frye* hearing with respect to the testimony concerning CSAAS. It is well settled that testimony concerning CSAAS "is admissible to assist the jury in understanding the unusual conduct of victims of child sexual abuse" where, as here, it is general in nature (*Bassett*, 55 AD3d at 1436; *see also People v Herington*, 11 AD3d 931 [2004], *lv*

*denied* 4 NY3d 799 [2005]), and "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban,* 5 NY3d 143, 152 [2005], quoting *People v Stultz,* 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]).

Contrary to the contention of defendant in his main brief, he was not denied his right to effective assistance of counsel based on defense counsel's failure to cross-examine his wife concerning his destruction of evidence. Defendant failed to meet his burden of demonstrating "the absence of strategic or other legitimate explanations" for that alleged error (*People v Rivera,* 71 NY2d 705, 709 [1988]; *see People v Loret,* 56 AD3d 1283 [2008], *lv denied* 11 NY3d 927 [2009]; *People v Webster,* 56 AD3d 1242 [2008], *lv denied* 11 NY3d 931 [2009]). Defendant further contends that he was denied his right to effective assistance of counsel because defense counsel's office represented his wife in a prior case. We reject that contention. The record establishes that defense counsel was unaware of that prior representation until after the commencement of trial and that defendant " 'informed the court that he wanted defense counsel to continue to represent him . . . [I]t thus cannot be said that defendant was denied effective assistance of counsel' " (*People v Chenevert,* 52 AD3d 1259, 1259 [2008], *lv denied* 11 NY3d 786 [2008]; *see People v Floyd,* 45 AD3d 1457, 1459-1460 [2007], *lv denied* 10 NY3d 811 [2008]).

Defendant failed to preserve for our review the contention in his pro se supplemental brief that the court erred in permitting a nurse practitioner to testify that it is not uncommon for child victims to delay reporting instances of sexual abuse (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, even assuming, arguendo, that defendant was not required to preserve for our review his further contention in his pro se supplemental brief that the court mishandled two jury notes (*see People v Kisoon,* 8 NY3d 129, 135 [2007]; *cf. People v DeRosario,* 81 NY2d 801, 803 [1993]; *People v Neal,* 268 AD2d 307 [2000], *lv denied* 95 NY2d 837 [2000]), we conclude that defendant's contention lacks merit. The record establishes that the court advised defendant of the substance of the two jury notes and gave him an opportunity to be heard before responding to them (*see generally People v O'Rama,* 78 NY2d 270, 277-278 [1991]). Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.