# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**245**

**KA 07-01060**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

NATALIE D. RIVERS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered March 14, 2007. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the second degree, sexual abuse in the second degree, criminal sexual act in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]) and sexual abuse in the second degree (§ 130.60 [2]). We reject defendant's contention that County Court erred in admitting evidence of uncharged acts of physical abuse to which the victim was subjected, as well as acts witnessed by her. Such evidence is admissible " 'to explain the victim's failure to reveal the ongoing sexual assaults' " (*People v Bennett*, 52 AD3d 1185, 1187, *lv denied* 11 NY3d 734; *see People v Bassett*, 55 AD3d 1434, 1436, *lv denied* 11 NY3d 922). Contrary to defendant's contention, the court properly weighed the probative value of the evidence of those uncharged acts against its potential for prejudice, as demonstrated by the fact that the court admitted evidence of certain acts while precluding evidence of other acts (*see generally People v Alvino*, 71 NY2d 233, 241-242; *People v Ventimiglia*, 52 NY2d 350, 359-360). In any event, we note that the court provided the jury with explicit limiting instructions on multiple occasions concerning the evidence of those uncharged acts, "thus minimizing any potential prejudice to defendant" (*Bassett*, 55 AD3d at 1436).

Defendant further contends that she was deprived of a fair trial based on numerous instances of prosecutorial misconduct on summation. Defendant failed to preserve her contention for our review with

respect to the majority of the alleged instances of prosecutorial misconduct (*see People v Figgins*, 72 AD3d 1599, 1600, *lv denied* 15 NY3d 893; *People v Brink*, 57 AD3d 1484, 1486, *lv denied* 12 NY3d 851) and, in any event, her contention is without merit.  Most of the prosecutor's comments with which she takes issue "were fair response to defense counsel's summation" (*Figgins*, 72 AD3d at 1600) and, even assuming, arguendo, that some of the alleged instances were improper, we conclude that "none was so egregious as to deny defendant a fair trial" (*People v Milczakowskyj*, 73 AD3d 1453, 1454, *lv denied* 15 NY3d 754).