[994 NE2d 387, 971 NYS2d 491]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIDORO MARRA, Appellant.

Argued May 28, 2013; decided June 26, 2013

APPEARANCES OF COUNSEL

*Girvin & Ferlazzo, P.C.*, Albany (*Salvatore D. Ferlazzo* and *Stuart M. Cohen* of counsel), for appellant.

*Jeffrey S. Carpenter, District Attorney*, Herkimer, for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant Isidoro Marra was convicted by jury verdict of first-degree rape (Penal Law § 130.35 [2] [engaging in sexual intercourse with a person incapable of consent by reason of being physically helpless]). The trial judge sentenced him to a determinate term of imprisonment of 18 years followed by 15 years of postrelease supervision, and imposed a 20-year order of protection. Observing that the case "turned largely upon the credibility of the victim, and the jury evidently believed the victim's testimony that defendant inserted his penis into her vagina without her consent while she was asleep," the Appellate Division declined to substitute its credibility determinations for the jury's and held that the verdict was not against the weight of the evidence (96 AD3d 1623, 1624-1625 [4th Dept 2012]). Additionally, the Court rejected defendant's claims of evidentiary error and prosecutorial misconduct as unpreserved and, in any event, without merit. But "in light of [defendant's]

age, his lack of a prior criminal record and other mitigating circumstances," the Appellate Division modified the judgment by reducing defendant's sentence to a determinate term of imprisonment of 10 years plus a five-year period of postrelease supervision (*id.* at 1627). A Judge of this Court granted defendant leave to appeal (19 NY3d 998 [2012]), and we now affirm.

 Defendant objects to the trial judge's decision to admit seven photographs taken of the victim at the hospital where she was examined after calling 911 to report a rape. These photographs depict red marks and bruises on her body. As an initial matter, we conclude that defendant preserved the objections he makes on appeal to the admission of these photographs into evidence. The transcript of the hearing on defendant's motion in limine shows that the trial judge considered whether the photographs were properly authenticated, relevant and not unduly prejudicial. We cannot say the judge abused his discretion by allowing the photographs into evidence in view of the circumstances of this case, including the People's theory of physical helplessness. Finally, we conclude that defense counsel's alleged failings, such as his neglect to object to the prosecutor's comment in summation about condom use, did not amount to ineffective assistance of counsel, and that defendant received meaningful representation.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order affirmed, in a memorandum.