# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

755

KA 08-01549

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BURGESS MATTHEWS, JR., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered April 4, 2008. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, endangering the welfare of a child and rape in the third degree.

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence on the conviction of course of sexual conduct against a child in the first degree is unanimously dismissed and the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]), endangering the welfare of a child (§ 260.10 [1]) and rape in the third degree (§ 130.25 [2]). In appeal No. 2, defendant appeals from a resentence involving the conviction of course of sexual conduct against a child. We note at the outset that, inasmuch as the sentence on that conviction in appeal No. 1 was superseded by the resentence in appeal No. 2, the appeal from the judgment in appeal No. 1 insofar as it imposed sentence on that conviction must be dismissed (*see People v Weathington* [appeal No. 2], 141 AD3d 1173, 1173). Defendant raises no contention with respect to the resentence in appeal No. 2, however, and we therefore dismiss the appeal therefrom (*see People v Drake*, 138 AD3d 1396, 1396).

We reject defendant's contention that County Court erred in admitting in evidence photographs depicting the victim at ages 10, 13 and 15. The photographs were relevant to illustrate the victim's age at the time the crimes occurred (*see People v Khan*, 88 AD3d 1014, 1015, *lv denied* 18 NY3d 884). In any event, inasmuch as there was

overwhelming evidence of defendant's guilt and no significant probability that the jury would have otherwise acquitted him, we conclude that, "[e]ven if the court erred in admitting the photographs, the error [is] harmless" (*People v Murray*, 140 AD2d 949, 950, *lv denied* 72 NY2d 960; *see People v Marra*, 96 AD3d 1623, 1626, *affd* 21 NY3d 979).

We reject defendant's contention that defense counsel should have been permitted to withdraw from representing defendant, inasmuch as defense counsel never sought permission to withdraw.  There is no merit to defendant's further contention that the court erred in failing to inquire into his request for substitution of counsel. Defendant's nonspecific complaint that defense counsel had been dishonest with him did not constitute a request for substitution of counsel and thus "did not trigger the need for an inquiry into whether good cause existed for substitution" (*People v Mitchell*, 129 AD3d 1319, 1321, *lv denied* 26 NY3d 1041).

The court properly exercised its discretion in granting the People's *Molineux* application, inasmuch as the evidence that the People proposed to introduce at trial had substantial probative value with respect to issues other than criminal propensity, and the probative value of the evidence outweighed the danger of undue prejudice to defendant (*see People v Cass*, 18 NY3d 553, 560).  The evidence of uncharged acts of physical and sexual abuse against the victim was relevant to complete the narrative and provide background information (*see People v Dorm*, 12 NY3d 16, 19; *People v Washington*, 122 AD3d 1406, 1408, *lv denied* 25 NY3d 1173).  In addition, evidence concerning defendant's violent and threatening behavior was relevant to explain the victim's delay in disclosing the crimes charged, irrespective of whether the violence was directed against her (*see People v Justice*, 99 AD3d 1213, 1215, *lv denied* 20 NY3d 1012; *People v Workman*, 56 AD3d 1155, 1156-1157, *lv denied* 12 NY3d 789) or her siblings (*see People v Rivers*, 82 AD3d 1623, 1623, *lv denied* 17 NY3d 904; *People v Bassett*, 55 AD3d 1434, 1436, *lv denied* 11 NY3d 922). The court provided extensive and repeated limiting instructions with respect to the *Molineux* evidence that minimized the prejudice to defendant (*see Washington*, 122 AD3d at 1408; *Rivers*, 82 AD3d at 1623; *cf. People v Westerling*, 48 AD3d 965, 968).

The court also properly exercised its discretion in admitting evidence concerning defendant's suicide attempt, including the suicide note, as relevant to his consciousness of guilt (*see People v Smith*, 191 AD2d 284, 284-285, *lv denied* 81 NY2d 1020).  Defendant failed to preserve for our review his contention that the prosecutor engaged in misconduct on summation by vouching for the credibility of a prosecution witness (*see People v Mull*, 89 AD3d 1445, 1446, *lv denied* 19 NY3d 965), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, even assuming, arguendo, that the prosecutor "improperly appealed to the sympathy of the jury" by displaying the victim's photographs during the graphic description of her victimization on summation (*People v Presha*, 83 AD3d 1406, 1408),

we conclude that the prosecutor's isolated conduct was not so egregious as to deprive defendant of a fair trial (*see People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954).

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court