People v Carter (2023 NY Slip Op 04875)

People v Carter

2023 NY Slip Op 04875

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND DELCONTE, JJ.

685 KA 18-00286

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRANKLIN L. CARTER, DEFENDANT-APPELLANT. 

ANDREW G. MORABITO, EAST ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered December 22, 2017. The judgment convicted defendant upon a jury verdict of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and course of sexual conduct against a child in the second degree (§ 130.80 [1] [b]), defendant contends that he was deprived of a fair trial by errors in County Court's charge to the jury with respect to the crime of course of sexual conduct against a child in the first degree. Defendant failed to preserve that contention for our review (see People v Washington, 173 AD3d 1644, 1645 [4th Dept 2019], lv denied 34 NY3d 985 [2019]; People v Williams, 163 AD3d 1422, 1422 [4th Dept 2018]). In any event, defendant's contention is without merit inasmuch as the court properly instructed the jury that a person is guilty of course of sexual conduct against a child in the first degree "when, over a period of time not less than three months in duration, . . . he . . . being [18] years or more, engages in two or more acts of sexual conduct . . . with a child less than [13] years of age" (see Penal Law § 130.75 [1] [b]; People v Partridge, 173 AD3d 1769, 1770 [4th Dept 2019], lv denied 34 NY3d 935 [2019]). We therefore also reject defendant's related contention that counsel was ineffective in failing to object to the charge (see People v Vail, 174 AD3d 1365, 1366 [4th Dept 2019]; People v Humphrey, 109 AD3d 1173, 1175 [4th Dept 2013], lv denied 24 NY3d 1044 [2014]).
Defendant contends that the evidence is legally insufficient to support the conviction of course of sexual conduct against a child in the first degree and course of sexual conduct against a child in the second degree because the People failed to establish the duration of the abuse. Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that defendant is guilty under counts 1 and 2 of the indictment (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Testimony establishing the dates when the victims resided in different homes in the City of Rochester provided markers that, combined with the victims' testimony as to where they were abused, allowed the jury to conclude when the abuse occurred (see People v Thornton, 141 AD3d 936, 937 [3d Dept 2016], lv denied 28 NY3d 1151 [2017]; cf. Partridge, 173 AD3d at 1771).
In addition, viewing the evidence in light of the elements of the crimes of course of sexual conduct against a child in the first degree and course of sexual conduct against a child in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]) and "according great deference to the jury's resolution of credibility issues" (People v Bassett, 55 AD3d 1434, 1436 [4th Dept 2008], lv denied 11 NY3d 922 [2009]), we conclude that the verdict [*2]with respect to those crimes is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495; Bassett, 55 AD3d at 1436).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: September 29, 2023 Ann Dillon Flynn
Clerk of the Court