THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MATTYS, Appellant. [674 NYS2d 539] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (Penal Law § 130.35 [1]). We reject his contention that the prosecutor's cross-examination of him concerning his 1994 conviction of harassment in the second degree requires reversal. County Court's *Sandoval* ruling precluded the People from using the harassment conviction to impeach defendant's testimony. However, the court's *Molineux* ruling permitted the People to question the victim on direct examination concerning the underlying incident and, in the event defendant testified, to question him on cross-examination about the underlying cir-

cumstances of the conviction, i.e., that defendant threatened to harm the victim, pushed her down several times and punched his hand through a storm door at her residence. The court's *Molineux* ruling is not contested on appeal.

After defendant denied on cross-examination that he had pushed the victim into the stairs, the prosecutor elicited over objection that defendant had been arrested for the incident and pleaded guilty to harassment in the second degree. Because the underlying facts were introduced to establish an element of the crime charged, they were not collateral (*see*, Prince, Richardson on Evidence § 6-305 [Farrell 11th ed]; *see also*, *People v Schwartzman*, 24 NY2d 241, 245-246, *mot to amend remittitur granted* 24 NY2d 914, *rearg denied* 24 NY2d 916, *cert denied* 396 US 846). Thus, the prosecutor properly questioned defendant about the conviction in order to establish that defendant's testimony was erroneous.

We also reject the contention of defendant that the cumulative effect of erroneous evidentiary rulings deprived him of a fair trial. The complaint of the victim to her cousin about the incident was properly admitted under the prompt outcry exception to the hearsay rule (*see*, *People v McDaniel*, 81 NY2d 10, 16-18). The complaint was made at the first suitable opportunity and only the fact of the complaint without details was elicited (*see*, *People v McDaniel*, *supra*, at 17). The court properly admitted evidence of the victim's state of mind at the time of the incident because it was relevant to prove the element of forcible compulsion (*see*, Penal Law § 130.00 [8] [a]; *People v Thompson*, 72 NY2d 410, 416, *rearg denied* 73 NY2d 870; *People v Ayala*, 236 AD2d 802, *lv denied* 90 NY2d 855). With respect to the alleged impropriety on summation to which defendant objected, the prosecutor's comment "did not exceed the broad bounds of rhetorical comment permissible in closing argument" (*People v Galloway*, 54 NY2d 396, 399). We have considered the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Monroe County Court, Egan, J.—Rape, 1st Degree.) Present—Green, J. P., Lawton, Wisner, Callahan and Boehm, JJ.