■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL G. RENNER, Appellant. [703 NYS2d 772] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his conviction of attempted rape in the first degree (Penal Law §§ 110.00, 130.35) is against the weight of the evidence. We likewise reject defendant's contention that County Court erred in allowing a prosecution witness to testify that, during the morning of the rape, complainant told the wit-

ness that she had been raped. That complaint of a rape, which had been made promptly without accompanying details, was properly admitted under the prompt outcry exception to the hearsay rule (*see, People v McDaniel*, 81 NY2d 10, 16-17; *People v Mattys*, 251 AD2d 1056, 1057, *lv denied* 92 NY2d 901).

We reject the contention of defendant that the court erred in refusing to permit two witnesses to testify regarding his reputation for truth and veracity; that evidence did not relate to a trait involved in the charges of rape or attempted rape (*see, People v Sulkey*, 195 AD2d 1026, 1028, *lv denied* 82 NY2d 759; *People v Sullivan*, 177 AD2d 673, *lv denied* 79 NY2d 864). Moreover, contrary to defendant's contention, the court did not preclude defendant from calling one of those witnesses to testify regarding the circumstances of defendant's arrest. We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Ontario County Court, Harvey, J.—Attempted Rape, 1st Degree.) Present—Wisner, J. P., Hurlbutt, Scudder and Lawton, JJ.