■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIA CARL CHILDRES, Appellant. [875 NYS2d 662]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered November 20, 2003. The judgment convicted defendant, upon a nonjury verdict, of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, rape in the second degree and sodomy in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the period of postrelease supervision imposed for sexual abuse in the first degree to a period of three years and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of, inter alia, rape in the first degree (Penal Law § 130.35 [1]) and sexual abuse in the first degree (§ 130.65 [1]), defendant contends that he was denied effective assistance of counsel. We reject that contention inasmuch as defendant failed to meet his burden of demonstrating " 'the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant further contends that Supreme Court erred in refusing to suppress his 2003 statement to the police because the failure of the police to preserve the card containing the *Miranda* warnings that were read to defendant resulted in a presumption that his statement was involuntary. We reject that contention. The court's determination that the statement was voluntarily made "is entitled to great deference and will not be disturbed where, as here, it is supported by the record" (*People v Youngblood*, 294 AD2d 954, 955 [2002], *lv*

*denied* 98 NY2d 704 [2002]; *see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Contrary to the further contention of defendant with respect to both his 1999 and 2003 statements, "[t]here is no Federal or State due process requirement that interrogations and confessions be electronically recorded" (*People v Falkenstein*, 288 AD2d 922, 923 [2001], *lv denied* 97 NY2d 704 [2002]; *see People v Dukes* [appeal No. 1], 53 AD3d 1101 [2008], *lv denied* 11 NY3d 831 [2008]; *People v Davis*, 48 AD3d 1086, 1087-1088 [2008], *lv denied* 10 NY3d 861 [2008]).

Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although there were minor inconsistencies in the testimony of the victim concerning her statements to the police four years prior to the trial, it was for the court, as the trier of fact, to determine issues of credibility, and we see no basis for disturbing its credibility determinations (*see generally People v Kelley*, 46 AD3d 1329, 1330 [2007], *lv denied* 10 NY3d 813 [2008]). In any event, those "complained of inconsistencies did not relate to whether the alleged sexual conduct occurred" (*People v Raymo*, 19 AD3d 727, 728 [2005], *lv denied* 5 NY3d 793 [2005]).

We agree with defendant, however, that the sentence imposed on the count of sexual abuse in the first degree is illegal insofar as it includes a five-year period of postrelease supervision for a class D violent felony offense (*see* Penal Law § 70.45 [former (2)]). We therefore modify the judgment by reducing the period of postrelease supervision imposed for sexual abuse in the first degree to a period of three years, the maximum allowed (*see People v Keith*, 26 AD3d 879, 880 [2006], *lv denied* 6 NY3d 835 [2006]).

Finally, defendant failed to preserve for our review his contention that the court erred in setting the duration of the order of protection (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Sterrett*, 53 AD3d 1098 [2008], *lv denied* 11 NY3d 858 [2008]). Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.