THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SPICOLA, Appellant. [877 NYS2d 591]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered August 9, 2007. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree (six counts), sexual abuse in the first degree (three counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of six counts of sodomy in the first degree (Penal Law former § 130.50 [3]), three counts of sexual abuse in the first degree (§ 130.65 [3]) and one count of

endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contentions that County Court erred in admitting expert testimony concerning child sex abuse accommodation syndrome (*see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Miles*, 294 AD2d 930 [2002], *lv denied* 98 NY2d 678 [2002]), as well as statements made by the victim concerning the incidents at issue to a nurse practitioner that were relevant to the victim's diagnosis and treatment (*see People v White*, 306 AD2d 886 [2003], *lv denied* 100 NY2d 625 [2003]). Contrary to defendant's further contention, "[t]he court properly precluded defendant from introducing evidence concerning his reputation for truth and veracity, because that evidence did not relate to a trait involved in the charges of . . . sodomy, sexual abuse or endangering the welfare of a child" (*People v Fanning*, 209 AD2d 978, 978 [1994], *lv denied* 85 NY2d 908 [1995]; *see People v Renner*, 269 AD2d 843, 844 [2000]).

Defendant failed to preserve for our review his challenge to the court's preliminary jury instructions (*see* CPL 470.05 [2]; *People v Giddens*, 202 AD2d 976 [1994], *lv denied* 83 NY2d 871 [1994]), and we decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Considering all of the relevant circumstances, we conclude that the time frames set forth in the indictment were sufficiently specific to enable defendant to prepare a defense (*see People v Furlong*, 4 AD3d 839, 840-841 [2004], *lv denied* 2 NY3d 739 [2004]; *see generally People v Watt*, 81 NY2d 772, 774-775 [1993]). We reject the contention of defendant that defense counsel was ineffective in failing to preserve certain contentions for our review. " 'Deprivation of appellate review . . . does not per se establish ineffective assistance of counsel' . . . but, rather, a defendant must also show that his or her contention would be meritorious upon appellate review," and defendant failed to make that showing (*People v Bassett*, 55 AD3d 1434, 1438 [2008], *lv denied* 11 NY3d 922 [2009]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), and according great deference to the jury's resolution of credibility issues, we conclude that the verdict is not contrary to the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The general motion by defendant for a trial order of dismissal at the close of proof did not preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Fahey, Peradotto and Green, JJ.