The People of the State of New York, Respondent, v Robbie D. Owens, Appellant. (Appeal No. 1.) [894 NYS2d 651]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered April 20, 2007. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (four counts), promoting prostitution in the second degree (two counts), compelling prostitution and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of, inter alia, four counts of rape in the first degree (Penal Law § 130.35 [1]) and, in appeal No. 2, he appeals from an order denying his pro se motion pursuant to CPL 440.10 to vacate that judgment. We granted leave to appeal from the order in appeal No. 2, and we now affirm both the judgment and order.

We reject defendant's contention that a new trial is warranted because the People failed to disclose *Brady* material in a timely manner. The two documents in question contained prior inconsistent statements of the complainant concerning the dates and locations of the purported rapes, and they impeached the credibility of a prosecution witness whose testimony was determinative of guilt or innocence. Thus, the documents in fact constituted exculpatory evidence subject to disclosure under *Brady* (*see People v Baxley*, 84 NY2d 208, 213 [1994], *rearg dismissed* 86 NY2d 886 [1995]; *People v Harris*, 35 AD3d 1197 [2006]). We conclude, however, that defendant's constitutional right to a

fair trial was not violated because the documents were disclosed to defendant at a time when he had a meaningful opportunity to use them (*see People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Wynn*, 55 AD3d 1378, 1379 [2008], *lv denied* 11 NY3d 901 [2008]).

Contrary to defendant's further contention, Supreme Court properly refused to admit in evidence portions of a police report allegedly containing a prior inconsistent statement of the complainant, inasmuch as defendant failed to lay a proper foundation for the admission of that report (*see People v Duncan*, 46 NY2d 74, 80-81 [1978], *rearg denied* 46 NY2d 940 [1979], *cert denied* 442 US 910 [1979], *rearg dismissed* 56 NY2d 646 [1982]; *People v Laurey*, 24 AD3d 1107, 1109 [2005], *lv denied* 6 NY3d 815 [2006]). We further conclude that the court properly refused to admit in evidence certain portions of a medical report that also purportedly contained a prior inconsistent statement of the complainant. "Although defendant claims [that] he was not offering this information for its truth, but [instead was offering it] to show [that the complainant made the statement], it contained multiple layers of hearsay, and depended, for its relevancy, on at least some level being true" (*People v Alvarez*, 44 AD3d 562, 564 [2007], *lv denied* 9 NY3d 1030 [2008]).

We reject defendant's contention that the court erred in allowing a social worker to testify as a rape trauma expert. "The qualification of a witness to testify as an expert rests in the discretion of the court, and its determination will not be disturbed in the absence of serious mistake, an error of law or an abuse of discretion" (*People v Visser*, 212 AD2d 1009 [1995]; *see People v Page*, 225 AD2d 831, 833 [1996], *lv denied* 88 NY2d 883 [1996]). Through her testimony, the social worker established that her "extensive training and experience rendered her qualified to provide such [testimony]" (*People v Lewis*, 16 AD3d 173, 173 [2005], *lv denied* 4 NY3d 888 [2005]; *see People v Bassett*, 55 AD3d 1434, 1436 [2008], *lv denied* 11 NY3d 922 [2009]). In any event, " '[p]ractical experience may properly substitute for academic training in determining whether an individual has acquired the training necessary to be qualified as an expert' " (*People v Paun*, 269 AD2d 546 [2000], *lv denied* 95 NY2d 801 [2000]).

Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict convicting defendant of those crimes is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and we further conclude that defendant was afforded meaning-

ful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Scudder, P.J., Centra, Fahey, Carni and Pine, JJ.