# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

670

KA 11-01652

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PAUL IMES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID R. PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered May 17, 2011. The judgment convicted defendant, upon a nonjury verdict, of rape in the first degree, sexual abuse in the first degree, reckless endangerment in the first degree and unlawfully fleeing a police officer in a motor vehicle in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a nonjury trial, of rape in the first degree (Penal Law § 130.35 [1]), sexual abuse in the first degree (§ 130.65 [1]), reckless endangerment in the first degree (§ 120.25), and unlawfully fleeing a police officer in a motor vehicle in the third degree (§ 270.25), defendant contends that the verdict is against the weight of the evidence insofar as Supreme Court found him guilty of rape and sexual abuse. We reject that contention. Defendant specifically contends that a finding that any sexual contact he had with the victim was consensual would not have been unreasonable, particularly in view of the questionable credibility of the victim. "[T]he appropriate standard for evaluating a weight of the evidence argument on appeal is the same regardless of whether the finder of fact was a judge or a jury . . . because those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record" (*People v Lane*, 7 NY3d 888, 890). Viewing the evidence in light of the elements of the crimes of rape and sexual abuse in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "Although there was conflicting testimony and thus 'an acquittal would not have been unreasonable' "

(*People v Burroughs*, 57 AD3d 1459, 1460, *lv denied* 12 NY3d 756), the weight of the credible evidence supports the verdict (*see generally Bleakley*, 69 NY2d at 495).  We further conclude that the sentence is not unduly harsh or severe.

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court