■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON JOHNSON, Appellant. [62 NYS3d 658]—

Appeal from a judgment of the Supreme Court, Monroe County (Robert B. Wiggins, A.J.), rendered December 18, 2012. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and rape in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [1]) and rape in the third degree (§ 130.25 [3]). We reject the contention of defendant that Supreme Court erred in admitting in evidence the medical opinion testimony of the sexual assault nurse examiner who conducted an examination of the victim. " 'The qualification of a witness to testify as an expert rests in the discretion of the court, and its determination will not be disturbed in the absence of serious mistake, an error of law or an abuse of discretion' " (*People v Owens*, 70 AD3d 1469, 1470 [2010], *lv denied* 14 NY3d 890 [2010]). Here, the court properly determined that the nurse examiner's testimony describing her extensive education, training, and experience established that she was qualified to render a medical opinion (*see People v Morehouse*, 5 AD3d 925, 928-929 [2004], *lv denied* 3 NY3d 644 [2004]). The court was not required to declare or certify on the record that the nurse

examiner was an expert before permitting her to provide her medical opinion (*see People v Valentine*, 48 AD3d 1268, 1269 [2008], *lv denied* 10 NY3d 871 [2008]).

Contrary to defendant's further contention, we conclude that the victim's statement to one of her neighbors that she had been raped was properly admitted under the prompt outcry exception to the rule against hearsay. The statement was made " 'at the first suitable opportunity,' " within moments of the incident and without accompanying details (*People v McDaniel*, 81 NY2d 10, 17 [1993]; *see People v Walek*, 28 AD3d 1246, 1247 [2006], *lv denied* 7 NY3d 764 [2006]; *People v Renner*, 269 AD2d 843, 843-844 [2000]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that, although an acquittal would not have been unreasonable given that the testimony of the People's witnesses, including the victim, conflicted with the testimony of defendant (*see People v Imes*, 107 AD3d 1577, 1578 [2013]), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, while there were minor inconsistencies between the victim's trial testimony and her statement to the police, we conclude that "nothing in the record suggests that the victim was 'so unworthy of belief as to be incredible as a matter of law' or otherwise tends to establish defendant's innocence of [the] crimes" (*People v Woods*, 26 AD3d 818, 819 [2006], *lv denied* 7 NY3d 765 [2006]; *see People v Childres*, 60 AD3d 1278, 1279 [2009], *lv denied* 12 NY3d 913 [2009]). The other " 'complained of inconsistencies did not relate to whether the alleged sexual conduct occurred' " (*Childres*, 60 AD3d at 1279). The jury was entitled to credit the testimony of the victim that defendant had vaginal sexual intercourse with her by forcible compulsion, over her protests, and, contrary to defendant's further contention, the victim's testimony is corroborated by the medical evidence (*see People v Jemes*, 132 AD3d 1361, 1362 [2015], *lv denied* 26 NY3d 1110 [2016]). The People introduced evidence that the DNA in the sperm obtained from a vaginal swab of the victim matched that of defendant (*see People v Justice*, 99 AD3d 1213, 1214 [2012], *lv denied* 20 NY3d 1012 [2013]). Moreover, although the gynecological exam of the victim revealed no evidence of lacerations, bruising, abrasions, redness or swelling, the nurse examiner testified that, in her medical opinion, the blood found in the victim's vaginal vault was an abnormal finding and consistent with trauma. Additionally, the victim's testimony that defendant

raped her was supported by the testimony of her neighbors who heard the incident and comforted the victim immediately thereafter. We thus conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495).

Finally, the sentence is not unduly harsh or severe. Present—Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.