*Spicola v. Unger*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand seventeen.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

———————————————————————

MICHAEL J. SPICOLA,

> *Petitioner-Appellant*,

> v.                                                    No. 16-2285

DAVID UNGER, Superintendent, Wyoming Correctional Facility, NEW YORK STATE ATTORNEY GENERAL,

> *Respondents-Appellees*.

———————————————————————

For Petitioner-Appellant:             THOMAS F. CUNNINGHAM, Esq., Germantown, NY.

For Respondents-Appellees:          NICHOLAS T. TEXIDO (John J. Flynn, District Attorney of Erie County, Donna A. Milling, *on the brief*), Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Michael J. Spicola, who was convicted in state court of several offenses relating to the sexual abuse of his younger relative, sought habeas relief on the ground that he had received ineffective assistance of counsel. On May 17, 2016, the district court (Skretny, *J.*), dismissed Spicola's habeas petition, and Spicola moved for a certificate of appealability. On November 15, 2016, this Court granted Spicola a certificate of appealability. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We affirm the judgment of the district court.

Following a jury trial, Spicola was convicted in New York Supreme Court of six counts of committing a criminal sexual act in the first degree, in violation of N.Y. Penal Law § 130.50(3); three counts of first-degree sexual abuse, in violation of N.Y. Penal Law § 130.65(3); and one count of endangering the welfare of a child, in violation of N.Y. Penal Law § 260.10. These offenses stemmed from multiple instances of sexual contact by Spicola with his relative, who was between six and eight years old when the incidents occurred. At trial, Spicola's counsel filed an unsuccessful motion *in limine* seeking to exclude expert testimony on Child Sexual Abuse Accommodation Syndrome ("CSAAS"), a theory of children's behavioral responses to sexual abuse. Spicola continued to challenge the admission of expert testimony on CSAAS in the direct appeal of his conviction. The Appellate Division affirmed Spicola's conviction, *People v. Spicola*, 877 N.Y.S.2d 591 (4th Dep't 2009), as did the New York Court of Appeals, over the dissent of three judges, *People v. Spicola*, 947 N.E.2d 620 (N.Y. 2011).

Spicola then moved to vacate his conviction under N.Y. Criminal Procedure Law § 440.10 on the ground that he received ineffective assistance of counsel, based on sixteen alleged deficiencies in his representation at trial. The state trial court denied that motion, finding that "counsel's performance was effective as a matter of federal law (*Strickland v. Washington*, 466 U.S. 668 [(1984)])." The Appellate Division and the Court of Appeals denied leave to appeal the trial court's denial of Spicola's § 440.10 motion.

Spicola sought federal habeas relief under 28 U.S.C. § 2254. On May 17, 2016, the district court dismissed Spicola's habeas petition. Spicola thereafter filed a motion in this Court for a certificate of appealability. On November 15, 2016, this Court granted Spicola a certificate of appealability solely as to "whether the state court's denial of [Spicola's] ineffective assistance claim with respect to trial counsel's failure to consult with or call a rebuttal expert on Child Sexual Abuse Accommodation Syndrome was contrary to, or involved an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984)." The present appeal followed.

"We review a district court's denial of habeas relief *de novo*. . . ." *Tueros v. Greiner*, 343 F.3d 587, 590 (2d Cir. 2003). To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy both of *Strickland*'s two prongs. First, a "defendant must show that counsel's representation fell below an objective standard of reasonableness," evaluated "under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Second, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (codified at 28 U.S.C. § 2254), this Court's review of the state court's

3

adjudication of Spicola's ineffective assistance claim is "highly deferential." *Eze v. Senkowski*, 321 F.3d 110, 112 (2d Cir. 2003). Specifically, "under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, [a defendant] must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002) (citation omitted).

Spicola contends that his trial counsel's failure to consult with or call an expert witness to rebut the State's expert testimony concerning CSAAS constituted unreasonable representation under this Court's decision in *Gersten v. Senkowski*, 426 F.3d 588 (2d Cir. 2005). However, *Gersten* does not create a requirement that defense attorneys in child sex abuse cases such as this must always consult with or call a CSAAS expert in rebuttal; rather, the opinion states that in the absence of expert consultation or use of an expert rebuttal witness, counsel may provide reasonable representation in the face of expert testimony on CSAAS by "educat[ing] [themselves] sufficiently on the scientific issues" to challenge such evidence effectively. *Id.* at 611.

*Gersten* does not dictate that Spicola's trial counsel was ineffective. Here, unlike in *Gersten*, Spicola's trial counsel educated himself regarding CSAAS sufficiently to file a motion *in limine* that challenged the scientific basis for CSAAS. *See Spicola*, 947 N.E.2d at 627–28. In addition, trial counsel's cross examination of the prosecution's expert on CSAAS was not ineffective given the scope of our review. Accordingly, we cannot conclude that the state court applied *Strickland* unreasonably in deciding that trial counsel's failure to consult or call an expert on CSAAS did not fall below *Strickland*'s objective standard of reasonable representation.

In light of this conclusion, we need not address Spicola's arguments regarding prejudice.

We have considered the remainder of Spicola's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk