Matter of Deseante L.R. (Femi R.) (2018 NY Slip Op 02052)





Matter of Deseante L.R. (Femi R.)


2018 NY Slip Op 02052


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


183 CAF 16-00582

[*1]IN THE MATTER OF DESEANTE L.R. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; FEMI R., RESPONDENT-APPELLANT.
IN THE MATTER OF DILAN P. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; FEMI R., RESPONDENT-APPELLANT. 
IN THE MATTER OF DAKARI M.K.R. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; FEMI R., RESPONDENT-APPELLANT. (APPEAL NO. 1.)






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
AMBER R. POULOS, BUFFALO, FOR PETITIONER-RESPONDENT.
TRENEEKA CUSACK, BUFFALO, ATTORNEY FOR THE CHILD.
DAVID C. SCHOPP, BUFFALO, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF BUFFALO, INC. (CHARLES D. HALVORSEN OF COUNSEL).
 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered December 28, 2015 in proceedings pursuant to Family Court Act article 10. The order found Dilan P. and Dakari M.K.R. to be abused and Deseante L.R. to be derivatively abused. 
It is hereby ORDERED that said appeal from the order insofar as it concerns Deseante L.R. and Dakari M.K.R. is unanimously dismissed and the order is affirmed without costs.
Memorandum: In appeal No. 1, respondent mother appeals from an order in these proceedings pursuant to Family Court Act article 10 in which Family Court found that the mother abused two of her children and derivatively abused her third child. The mother consented to the placement of the youngest child in the home of a relative and, in appeal Nos. 2 and 3, the mother appeals from orders of disposition that placed the two older children in the custody of petitioner. We note at the outset that the mother's appeal from the order in appeal No. 1 must be dismissed insofar as it concerns the two older children inasmuch as the appeals from the dispositional orders with respect to the two older children in appeal Nos. 2 and 3 bring up for review the propriety of the fact-finding order with respect to those children (see Matter of Lisa E. [appeal No. 1], 207 AD2d 983, 983 [4th Dept 1994]).
We reject the mother's contention in all three appeals that the evidence is legally insufficient to support the court's findings that she abused and derivatively abused the subject children. It is well established that petitioner has the burden of establishing by a preponderance of the evidence that the mother abused the children (see Matter of Philip M., 82 NY2d 238, 243-244 [1993]). Here, petitioner met that burden with respect to the youngest child by presenting the testimony of its caseworker and an expert nurse practitioner, which established that the youngest child sustained injuries as a result of the mother hitting him with an electrical cord (see Matter of Charity M. [Warren M.] [appeal No. 2], 145 AD3d 1615, 1616 [4th Dept 2016]). The nurse practitioner also testified that, based on her experience, the wounds were not accidental and, contrary to the mother's contention, the wounds could not have been caused by another child.
We further reject the mother's contention that the court abused its discretion in permitting the nurse practitioner to testify with respect to the cause of the youngest child's injuries. A nurse practitioner is permitted to testify based on his or her expertise in that field " derived from either formal training or long observation and actual experience' " (People v Munroe, 307 AD2d 588, 591 [3d Dept 2003], lv denied 100 NY2d 644 [2003]; see People v Owens, 70 AD3d 1469, 1470 [4th Dept 2010], lv denied 14 NY3d 890 [2010]), and may testify concerning the circumstances in which an injury of abuse may have occurred (see generally Matter of April WW. [Kimberly WW.], 133 AD3d 1113, 1116 [3d Dept 2015]). Similarly, we reject the mother's contention that the court abused its discretion in permitting the caseworker, who had undergone training in identifying injuries and their causes, to give expert testimony that a mark on one of the children raised concerns that the injury was inflicted with a cord or a belt (see generally id.; People v Stabell, 270 AD2d 894, 895 [4th Dept 2000], lv denied 95 NY2d 80 [2000]).
Petitioner also established by a preponderance of the evidence that the middle child was an abused child by submitting evidence that there were "old-looking" scars on his body, and evidence concerning the mother's conduct toward the other two children, which supports the inference that the mother caused the scars on the middle child's body (see generally Charity M., 145 AD3d at 1616).
Finally, we conclude that petitioner established by a preponderance of the evidence that the oldest child was derivatively abused based on the evidence that the mother abused the other two children (see Matter of Dayanara V. [Carlos V.], 101 AD3d 411, 412 [1st Dept 2012]; Matter of Wyquanza J. [Lisa J.], 93 AD3d 1360, 1361 [4th Dept 2012]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court