People v Porterfield (2021 NY Slip Op 01899)





People v Porterfield


2021 NY Slip Op 01899


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


252 KA 19-00489

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WAYNE PORTERFIELD, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 3, 2019. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Preliminarily, the People correctly concede that defendant did not validly waive his right to appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
On the merits, defendant challenges Supreme Court's refusal to suppress his statement at the crime scene. Although defendant acknowledges that the police did not question or interrogate him at the scene, he asserts that his statement was nevertheless inadmissible because officers purposefully delayed removing him from the "chaotic" crime scene in the hope that he would spontaneously confess. We reject that contention. Both the United States Supreme Court and the Court of Appeals have held that " '[o]fficers do not interrogate a suspect simply by hoping that he will incriminate himself' " (People v Doll, 21 NY3d 665, 672 [2013], rearg denied 22 NY3d 1053 [2014], cert denied 572 US 1022 [2014], quoting Arizona v Mauro, 481 US 520, 529 [1987]). Moreover, it is well established that police officers need not "take affirmative steps, by gag or otherwise, to prevent a talkative person in custody from making an incriminating statement" (People v Rivers, 56 NY2d 476, 479 [1982], rearg denied 57 NY2d 775 [1982]; see People v Krom, 61 NY2d 187, 199 [1984]). Thus, the officers' alleged failure to immediately transport defendant to the precinct did not, standing alone, amount to the functional equivalent of interrogation and thereby require the suppression of his spontaneous, pre-Miranda statement at the scene (see Doll, 21 NY3d at 671-672).
Contrary to defendant's further contention, the court properly determined that his post-Miranda statements at the precinct were not involuntary (see People v Mateo, 2 NY3d 383, 413-414 [2004], cert denied 542 US 946 [2004]; People v Childres, 60 AD3d 1278, 1278-1279 [4th Dept 2009], lv denied 12 NY3d 913 [2009]). Finally, the period of postrelease supervision is not unduly harsh and severe.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court