People v Jones (2024 NY Slip Op 03308)

People v Jones

2024 NY Slip Op 03308

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1034 KA 22-00627

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PIERRE JONES, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered April 5, 2022. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault (six counts), unlawful imprisonment in the second degree (two counts) and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of six counts of predatory sexual assault (Penal Law § 130.95 [1] [b]), two counts of unlawful imprisonment in the second degree (§ 135.05), and one count of assault in the third degree (§ 120.00 [1]).
Defendant contends that he was denied his right to be present at a material stage of his trial when County Court conducted some discussion of his pro se motion, requesting new counsel, in his absence. We reject that contention. Although defendant was absent at the beginning of the discussion, defendant then argued the motion himself, and under those circumstances we conclude that defendant was afforded the requisite meaningful opportunity to participate (see People v Sharp, 214 AD3d 1428, 1428-1429 [4th Dept 2023]; People v Strong, 164 AD3d 1637, 1638-1639 [4th Dept 2018], lv denied 32 NY3d 1178 [2019], cert denied — US —, 140 S Ct 199 [2019]).
We reject defendant's related contention that defense counsel improperly disparaged the merits of defendant's affidavit in support of his pro se motion, which sought to relieve a different counsel of his assignment. Defense counsel merely explained that he could not personally attest to the truth of defendant's affidavit and that he did not "agree with" the contents of the affidavit. Stating that one does not "agree with" the contents of a pro se affidavit is not the same as asserting that it lacks merit, and, without more, does not amount to "affirmatively undermin[ing] [a] defendant's assertions or [taking] an adverse position against [the] defendant" (People v Thaxton, 191 AD3d 1166, 1168 [3d Dept 2021], lv denied 37 NY3d 960 [2021]; see People v Leeper, 298 AD2d 190, 190 [1st Dept 2002], lv denied 99 NY2d 560 [2002]). Defense counsel's comments did not create a conflict of interest requiring his replacement.
Defendant further contends that the court erred in denying his motion for severance. We reject that contention. Here, both victims were forcibly raped in the same secluded location after being struck and threatened with a knife. The offenses were joinable pursuant to CPL 200.20 (2) (b) because defendant's identity as the perpetrator was at issue and the modus operandi was sufficiently unique to make proof of defendant's commission of the crimes involving one victim probative of his commission of the crimes involving the other victim (see People v Beaty, 89 AD3d 1414, 1416 [4th Dept 2011], affd 22 NY3d 918 [2013]; People v Matthews, 175 AD2d 24, 25 [1st Dept 1991], affd 79 NY2d 1010 [1992]; see generally People v Arafet, 13 NY3d 460, 466 [*2][2009]; People v Robinson, 68 NY2d 541, 549 [1986]).
We find no merit to defendant's further contention that the People violated a ruling of the court by using a precluded photo array as the basis for an in-court identification procedure. The victim did not claim that she had identified defendant from the photo array before trial. She testified only that she recognized defendant from the array at the time of trial, which is permissible where, as here, a defendant is voluntarily absent from the courtroom during testimony (see People v Farrow, 216 AD3d 996, 998 [2d Dept 2023], lv denied 40 NY3d 951 [2023]; People v Gonzalez, 61 AD3d 775, 776 [2d Dept 2009], lv denied 12 NY3d 915 [2009]; People v Thompson, 306 AD2d 758, 760 [3d Dept 2003], lv denied 1 NY3d 581 [2003]; People v Waithe, 163 AD2d 347, 347 [2d Dept 1990], lv denied 76 NY2d 897 [1990]).
Defendant contends that certain testimony elicited by the People impermissibly bolstered the identification testimony of the victims. Although we agree with defendant that some testimony concerning the victims' identifications of defendant constituted improper bolstering, any error in that regard is harmless because the evidence of defendant's guilt, without reference to the error, is overwhelming and there is no significant probability that the jury would have acquitted defendant but for that error (see People v Pendarvis, 143 AD3d 1275, 1276 [4th Dept 2016], lv denied 28 NY3d 1149 [2017]; People v McCullen, 63 AD3d 1708, 1709 [4th Dept 2009], lv denied 13 NY3d 747 [2009]; People v Owens, 51 AD3d 1369, 1371-1372 [4th Dept 2008], lv denied 11 NY3d 740 [2008]; see generally People v Johnson, 57 NY2d 969, 970 [1982]; People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant failed to preserve for our review his contention that the People impermissibly introduced evidence of his involvement in the criminal justice system. In any event, the contention is without merit. The challenged testimony did not imply that defendant had a criminal history or had committed a prior offense (see People v Tromans, 177 AD3d 1103, 1107 [3d Dept 2019]; People v Keener, 152 AD3d 1073, 1075-1076 [3d Dept 2017]). The use of mugshot-style photographs of defendant provided corroboration of the facial scar described by the victims (see People v Buskey, 13 AD3d 1058, 1059 [4th Dept 2004]), and we conclude that the probative value of the photographs outweighed their potential for prejudice.
We reject defendant's contention that the court erred in permitting a registered nurse to testify about how memory is affected by trauma. " 'The qualification of a witness to testify as an expert rests in the discretion of the court, and its determination will not be disturbed in the absence of serious mistake, an error of law or an abuse of discretion' " (People v Owens, 70 AD3d 1469, 1470 [4th Dept 2010], lv denied 14 NY3d 890 [2010]). The witness testified that she had been a registered nurse for 23 years and, as a sexual assault nurse examiner, had performed around 100 sexual assault examinations and encountered "trauma-informed memory" during those examinations (see People v Johnson, 153 AD3d 1606, 1606-1607 [4th Dept 2017], lv denied 30 NY3d 1020 [2017]; People v Maynard, 143 AD3d 1249, 1252 [4th Dept 2016], lv denied 28 NY3d 1148 [2017]; People v Vaello, 91 AD3d 548, 548 [1st Dept 2012], lv denied 19 NY3d 868 [2012]; Owens, 70 AD3d at 1470).
The sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Finally, we note that the certificate of conviction incorrectly recites that defendant was convicted of two counts of unlawful imprisonment in the second degree under Penal Law § 130.05, and it must be amended to reflect that he was convicted under Penal Law § 135.05 (see People v Thurston, 208 AD3d 1629, 1630 [4th Dept 2022]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court