People v Evans
2026 NY Slip Op 04072
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON EVANS, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
341 KA 24-01094
Present: Whalen, P.J., Curran, Ogden, Nowak, And Delconte, JJ.

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered March 25, 2024. The judgment convicted defendant upon a jury verdict of burglary in the first degree and robbery in the first degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law
§ 140.30 [2]) and robbery in the first degree (§ 160.15 [3]). The conviction arose from an incident in which two masked perpetrators broke into the victim's home, physically assaulted the victim, and stole numerous items.
Defendant contends that the evidence is legally insufficient to establish his identity as one of the perpetrators of the offenses. Initially, contrary to the People's assertion, defendant's contention is preserved for our review inasmuch as his motion for a trial order of dismissal was " 'specifically directed' at [that] alleged error" (People v Gray, 86 NY2d 10, 19 [1995]). We nonetheless conclude that it is without merit. Here, in addition to other evidence placing defendant at or near the victim's home, the victim testified that, despite the masks, the victim could identify defendant as one of the two perpetrators and, contrary to defendant's further contention, that testimony " 'was not so inconsistent or unbelievable as to render it incredible as a matter of law' " (People v Lewis, 151 AD3d 1727, 1728 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]; see People v Spencer, 191 AD3d 1331, 1332 [4th Dept 2021], lv denied 37 NY3d 960 [2021]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to defendant's identity as one of the perpetrators (see People v Clea, 242 AD3d 1588, 1590 [4th Dept 2025], lv denied 44 NY3d 1065 [2026]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Here, the " '[i]ssues of identification and credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the jury[,] and there is no basis for disturbing its determinations' " (People v Odums, 121 AD3d 1503, 1504 [4th Dept 2014], lv denied 26 NY3d 1042 [2015]; see People v Peace, 234 AD3d 1345, 1346 [4th Dept 2025], lv denied 43 NY3d 965 [2025]).
We reject defendant's contention that County Court erred in allowing a federal law enforcement officer to testify as an expert on geolocation data in addition to cell phone site and GPS data. " 'The qualification of a witness to testify as an expert rests in the discretion of the court, and its determination will not be disturbed in the absence of serious mistake, an error of law or an abuse of discretion' " (People v Owens, 70 AD3d 1469, 1470 [4th Dept 2010], lv denied 14 NY3d 890 [2010]; see People v Lee, 96 NY2d 157, 162 [2001]). The purpose of expert testimony is to assist the jurors in "appreciat[ing] and understand[ing] matters beyond the [*2]knowledge of the average juror" (People v Lemanski, 217 AD2d 962, 962 [4th Dept 1995]). Here, the federal law enforcement officer established that his " 'extensive training and experience rendered [him] qualified to provide such [testimony]' " (Owens, 70 AD3d at 1470).
Finally, the sentence is not unduly harsh or severe.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court