■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADFORD CLARK, Appellant. [722 NYS2d 209] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (Penal Law § 130.35 [1]) in connection with the rape of the 13-year-old daughter of defendant's former girlfriend. Defendant failed to preserve for our review his contention that County Court improperly permitted the victim's grandmother to testify with respect to the victim's disclosure of the rape to her (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Bristol, J.—Rape, 1st Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LUGO, Appellant. [722 NYS2d 210] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him upon a plea of guilty of four counts of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that County Court erred in denying his motion to suppress his statements to the police because they were not voluntarily made. We disagree (*see, People v Anthony,* 24 NY2d 696, 701-702). Defendant's further contention that the statements should have been suppressed because they were illegally taken without an arrest warrant and without probable cause (*see, Payton v New York,* 445 US 573, 576; *Dunaway v New York,* 442 US 200, 216-217) is not preserved for our review (*see,* CPL 470.05 [2]). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Marks, J.—Robbery, 1st Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.