THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD HYLA, Appellant. [738 NYS2d 147] —Appeal from a judgment of Erie County Court (DiTullio, J.), entered February 24, 1999, convicting defendant upon his plea of guilty of, inter alia, burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]) and other crimes, defendant contends that his statements to the police should have been suppressed as the product of an unlawful detention and arrest (*see, Dunaway v New York*, 442 US 200, 216-217). That contention is not preserved for our review (*see, People v Lugo*, 281 AD2d 957) and in any event is without merit. The police had information from the victim that the perpetrator resembled defendant, who lived next door, and that the perpetrator's voice resembled defendant's voice. When the police went to defendant's house, they noticed blood on the handle of the front door. The police stopped defendant as he was walking toward his house and told him what had happened to his neighbor. When they asked defendant if he had heard anything suspicious, defendant replied that he had been at a friend's house all evening. The victim overheard defendant shouting at the police outside his house, and he identified defendant's voice as that of the perpetrator. Based on that information, the police had probable cause to arrest defendant. The actual arrest did not occur until approximately 20 minutes later, however, after the police checked on defendant's alibi and determined that defendant had not been at his friend's house all evening. Thus, contrary to the contention of defendant, the statements he made after he was given his *Miranda* warnings "were not tainted by any illegal procedure" (*People v Corniel*, 258 AD2d 812, 814, *lv denied* 93 NY2d 968).

We reject the further contention of defendant that his consent to search his apartment was not voluntarily given. Although defendant was in custody when he consented to the search, he was aware that he was not required to sign the consent form, and he was aware of the consequences if he gave his consent and the police found incriminating evidence. Based on the totality of the circumstances, we conclude that the People met their heavy burden of establishing that defendant's consent to search was voluntarily given (*see, People v Dobson,* 285 AD2d 737, 738; *see generally, People v Gonzalez,* 39 NY2d 122, 127-128). The sentence, to which defendant agreed as part of the plea bargain, is not unduly harsh or severe. Present— Hayes, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.