■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMIE L. POWELL, III, Appellant. [755 NYS2d 915] —Appeal from a judgment of Niagara County Court (Sperrazza, J.), entered May 15, 2001, convicting defendant after a jury trial of, inter alia, sexual abuse in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of sexual abuse in the first degree (Penal Law former § 130.65 [3]) and three counts of

endangering the welfare of a child (§ 260.10 [1]). Contrary to the contention of defendant, he was not deprived of a fair trial when County Court questioned two witnesses regarding their testimonial capacity in the presence of the jury (see *People v Pochily*, 255 AD2d 695, 696 [1998], *lv denied* 93 NY2d 856 [1999]; *People v Gallow*, 171 AD2d 1061, 1062 [1991], *lv denied* 77 NY2d 995 [1991]; *see also People v Peters*, 242 AD2d 930, 931 [1997], *lv denied* 91 NY2d 896 [1998]; *see generally* CPL 60.20 ·[2]). Defendant waived his challenge to the legal suffi-ciency of the evidence by failing to renew his motion to dismiss on that ground at the close of his case (see *People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Hill*, 300 AD2d 1125 [2002]; *People v Kerner*, 299 AD2d 913 [2002]). The verdict is not against the weight of the evidence (see *People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his contention that the court erred in admitting the testimony of a witness concerning defendant's prior bad acts and uncharged crimes without conducting a *Ventimiglia* hearing (see 470.05 [2]; *People v Vaughn*, 291 AD2d 915 [2002], *lv denied* 97 NY2d 762 [2002]; *People v Carter*, 263 AD2d 958 [1999], *lv denied* 94 NY2d 820 [1999]; *People v Preston*, 255 AD2d 530, 530-531 [1998], *lv denied* 93 NY2d 976 [1999]). We decline to exercise our power to review that contention as a matter of discretion in the inter-est of justice (see 470.15 [6] [a]). Finally, the sentence is nei-ther unduly harsh nor severe. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.