# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

968

KA 10-02037

PRESENT: SMITH, J.P., CENTRA, CARNI, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

RODNEY M. NEWMAN, DEFENDANT-APPELLANT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (MICHAEL S. DEAL OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered July 12, 2010. The judgment convicted defendant, upon a jury verdict, of promoting a sexual performance by a child, unlawful surveillance in the second degree (two counts), forcible touching and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the definite sentence imposed on count four of the indictment shall run concurrently with the indeterminate sentences and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of promoting a sexual performance by a child (Penal Law § 263.15), forcible touching (§ 130.52), and two counts each of unlawful surveillance in the second degree (§ 250.45 [2]) and endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction because he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495).

With respect to the conviction of promoting a sexual performance by a child, the People established that defendant knew "the character and content" of the performance despite his absence during the recording of the sexual act (Penal Law § 263.15). With respect to the conviction of two counts of unlawful surveillance in the second degree, both applicable to the first victim, the People established that defendant made the recordings for his own "sexual arousal or sexual gratification" (§ 250.45 [2]). That element of the crime could

be inferred from defendant's conduct in placing surveillance cameras in the first victim's bathroom and bedroom (*see generally People v Willis*, 79 AD3d 1739, 1740, *lv denied* 16 NY3d 864). With respect to the conviction of forcible touching and the second count of endangering the welfare of a child, applicable to the second victim, we reject defendant's contention that the second victim's testimony was incredible as a matter of law. It cannot be said that his testimony was "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Harris*, 56 AD3d 1267, 1268, *lv denied* 11 NY3d 925; *see People v Moore* [appeal No. 2], 78 AD3d 1658, 1659-1660). With respect to the conviction of the first count of endangering the welfare of a child, applicable to the first victim, the People established that the recordings would be viewed by him. In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). The credibility of the witnesses was an issue for the jury to determine, and we perceive no basis for disturbing that determination (*see People v Massey*, 61 AD3d 1433, *lv denied* 13 NY3d 746).

Also contrary to defendant's contention, County Court did not err in admitting a videotape in evidence. There were "sufficient assurances of the identity and unchanged condition of the evidence . . ., and thus any alleged gaps in the chain of custody went to the weight of the evidence, not its admissibility" (*People v Kennedy*, 78 AD3d 1477, 1478, *lv denied* 16 NY3d 798; *see People v Hawkins*, 11 NY3d 484, 494). Defendant failed to preserve for our review his contention that the court erred in failing to conduct a *Ventimiglia* hearing to determine the admissibility of certain testimony concerning defendant's prior bad acts (*see People v Powell*, 303 AD2d 978, 979, *lv denied* 100 NY2d 565, 1 NY3d 541; *People v Trembling*, 298 AD2d 890, 891-892, *lv denied* 99 NY2d 540). Defendant also failed to preserve for our review his contention that the court's instructions to the jury were improper (*see People v Green*, 35 AD3d 1211, 1212, *lv denied* 8 NY3d 985). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We agree with defendant, however, that the court erred in directing that the definite sentence imposed on the misdemeanor count of forcible touching shall run consecutively to the indeterminate sentences imposed on the felony counts (*see* Penal Law § 70.35). "The offense underlying the definite sentence was committed prior to the date on which the [in]determinate sentence[s were] imposed, and thus the definite sentence must run concurrently" with those sentences (*People v Glinski* [appeal No. 2], 37 AD3d 1188, 1189; *see People v Leabo*, 84 NY2d 952, 953). We therefore modify the judgment accordingly. Finally, the sentence as modified is not unduly harsh or severe.

Entered: September 30, 2011                          Patricia L. Morgan
                                                     Clerk of the Court