People v Suprunchik (2022 NY Slip Op 04877)

People v Suprunchik

2022 NY Slip Op 04877

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

567 KA 16-01636

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALEKSANDRA SUPRUNCHIK, DEFENDANT-APPELLANT. 

LELAND D. MCCORMAC, III, PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (EVAN A. ESSWEIN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 20, 2016. The judgment convicted defendant, upon a plea of guilty, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed to a determinate term of eight years, and as modified the judgment is affirmed and the matter is remitted to Oneida County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of robbery in the first degree (Penal Law
§ 160.15 [3]). We agree with defendant that the record does not establish that she validly waived her right to appeal. County Court's "oral waiver colloquy and the written waiver signed by defendant together 'mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal and the attendant rights to counsel and poor person relief, . . . and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Shanks, 37 NY3d 244, 253 [2021]; People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant failed to preserve for our review her conclusory contention that the sentence constitutes cruel and unusual punishment (see People v Pena, 28 NY3d 727, 730 [2017]; People v Archibald, 148 AD3d 1794, 1795 [4th Dept 2017], lv denied 29 NY3d 1075 [2017]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). However, we agree with defendant that the sentence is unduly harsh and severe. "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (People v Farrar, 52 NY2d 302, 305 [1981]). Under the particular circumstances of this case, we conclude that a determinate term of imprisonment of eight years, to be followed by the five-year period of postrelease supervision previously imposed by the court, is an appropriate sanction for the crime committed, and we therefore modify the judgment accordingly.
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court