People v Kenney (2022 NY Slip Op 05645)

People v Kenney

2022 NY Slip Op 05645

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND NEMOYER, JJ.

738 KA 19-01646

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIK G. KENNEY, DEFENDANT-APPELLANT. 

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (MICHAEL T. JOHNSON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Herkimer County Court (John H. Crandall, J.), rendered March 28, 2019. The judgment convicted defendant, upon a jury verdict, of rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [1]), arising from allegations that defendant engaged in sexual intercourse by forcible compulsion with a 19-year-old camper (victim) at the camping resort at which he was employed. We affirm.
To the extent that defendant contends that the evidence is legally insufficient to support the conviction because the victim was incredible as a matter of law, that contention is not preserved for our review inasmuch as defendant did not raise that ground in support of his motion for a trial order of dismissal (see People v Graham, 174 AD3d 1486, 1490 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]; People v Abon, 132 AD3d 1235, 1235-1236 [4th Dept 2015], lv denied 27 NY3d 1127 [2016]; see generally People v Gray, 86 NY2d 10, 19 [1995]).
Defendant also contends that the verdict is against the weight of the evidence because the victim's testimony was incredible as a matter of law. We reject that contention. Even assuming, arguendo, that an acquittal would not have been unreasonable (see People v Danielson, 9 NY3d 342, 348 [2007]), upon acting, in effect, as a second jury by independently reviewing the evidence in light of the elements of the crime as charged to the jury (see People v Kancharla, 23 NY3d 294, 302-303 [2014]; People v Delamota, 18 NY3d 107, 116-117 [2011]; Danielson, 9 NY3d at 348-349), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The jury's determination to credit the victim's testimony with respect to the incident is supported by the weight of the evidence. Specifically, the victim consistently testified that, after accepting defendant's invitation to accompany him around the camping resort and then to an unoccupied cottage, defendant exited the bathroom of the cottage with his pants undone, informed the victim that he was sexually aroused, quickly approached the victim, placed all his weight on top of her such that she fell backward onto the mattress of a bunk bed and, despite her protest, pulled down the victim's sweatpants and engaged in vaginal sexual intercourse with her by forcible compulsion (see People v Johnson, 153 AD3d 1606, 1607 [4th Dept 2017], lv denied 30 NY3d 1020 [2017]; People v Hazzard, 129 AD3d 1598, 1599 [4th Dept 2015], lv denied 26 NY3d 968 [2015]; see also People v Schinnerer, 192 AD3d 1395, 1396 [3d Dept 2021], lv denied 37 NY3d 968 [2021]). Additionally, the People introduced evidence that defendant's DNA matched that of the major male contributor to the DNA found on the waistband of the victim's sweatpants, which was consistent with the victim's account of defendant's actions during the incident (see Hazzard, 129 AD3d at 1599).
Contrary to defendant's challenges to the victim's credibility, "nothing in the record suggests that the victim was 'so unworthy of belief as to be incredible as a matter of law' or otherwise tends to establish defendant's innocence of [the] crime[]" (People v Woods, 26 AD3d 818, 819 [4th Dept 2006], lv denied 7 NY3d 765 [2006]; see Johnson, 153 AD3d at 1607). The DNA found on the sweatpants supported the victim's account, and the fact that the victim's ex-boyfriend was found to be the major contributor of DNA located on a pair of the victim's shorts, which she may not have been wearing at the time of her interactions with defendant, was consistent with the victim's testimony that she had consensual sexual relations with the ex-boyfriend back home a few days after the subject incident at the camping resort. In addition, we conclude that "[any] inconsistencies in the victim's testimony, the fact that she had consumed alcohol [to the point of intoxication at some time] prior to the rape[,] and her delay in reporting the incident[] until [a few days after] she arrived home were fully explored during trial and did not render the victim's account incredible as a matter of law" (People v Littebrant, 55 AD3d 1151, 1155 [3d Dept 2008], lv denied 12 NY3d 818 [2009]; see People v Dawson, 195 AD3d 1157, 1161 [3d Dept 2021], affd 38 NY3d 1055 [2022]).
Based on the foregoing, we conclude that the verdict is not against the weight of the evidence because " 'the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded' " (People v Swank, 109 AD3d 1089, 1089 [4th Dept 2013], lv denied 23 NY3d 968 [2014]; see generally Bleakley, 69 NY2d at 495).
Next, defendant contends that County Court erred in admitting, without conducting a hearing, alleged Molineux evidence in the form of testimony by a female coworker that she had previously accompanied defendant during a training session to a cottage where defendant, while lamenting his ongoing separation from his wife, mentioned that he could at least now do what he wanted. Defendant failed to preserve that contention for our review inasmuch as he "did not object on Molineux grounds to the admission of [the] testimony . . . nor did he request a Ventimiglia hearing" (People v Thomas, 226 AD2d 1071, 1071 [4th Dept 1996], lv denied 88 NY2d 995 [1996]; see People v Conley, 192 AD3d 1616, 1620 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]; People v Powell, 303 AD2d 978, 979 [4th Dept 2003], lv denied 100 NY2d 565 [2003], reconsideration denied 1 NY3d 541 [2003]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Powell, 303 AD2d at 979). We also reject defendant's related contention that defense counsel was ineffective for not adequately opposing the admission of the coworker's testimony. Defendant "has failed to demonstrate the absence of strategic or other legitimate explanations for the failure of defense counsel to pursue a . . . Ventimiglia hearing, or to object to the admission of [such evidence] at trial" (People v Hogue, 133 AD3d 1209, 1211 [4th Dept 2015], lv denied 27 NY3d 1152 [2016] [internal quotation marks omitted]; see People v Francis, 206 AD3d 1605, 1606 [4th Dept 2022], lv denied 38 NY3d 1133 [2022]; see generally People v Rivera, 71 NY2d 705, 709 [1988]).
Defendant further contends that the court erred in permitting the victim's parents to testify with respect to the victim's disclosure of the rape to them, which purportedly served to improperly bolster the victim's testimony, and that the court should have given a limiting instruction with respect to the parents' testimony. Defendant failed to preserve that contention for our review inasmuch as he did not object to the admission of the parents' testimony and never requested a limiting instruction with respect thereto (see People v Hall, 194 AD3d 1372, 1373 [4th Dept 2021], lv denied 37 NY3d 972 [2021]; People v Clark, 281 AD2d 957, 957 [4th Dept 2001], lv denied 96 NY2d 860 [2001]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Clark, 281 AD2d at 957). Relatedly, defendant contends that defense counsel was ineffective for failing to object to the parents' testimony and failing to request a limiting instruction. We reject that contention because defendant has "failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's alleged failures" (Hall, 194 AD3d at 1373; see People v Reed, 151 AD3d 1821, 1822 [4th Dept 2017], lv denied 30 NY3d 952 [2017]).
Defendant also contends that the court erred in summarily denying his motion to set aside the verdict pursuant to CPL 330.30 (1) and (2), which was premised on the claim that the jurors improperly came into possession of evidence not introduced at trial when they opened an exhibit in the jury room during deliberations. We reject that contention as well.
" 'A trial court's authority to set aside a verdict under CPL 330.30 (1) is limited to grounds which, if raised on appeal, would require reversal as a matter of law . . . Accordingly, only a claim of error that is properly preserved for appellate review may serve as the basis to set aside the verdict' " (People v Sheltray, 244 AD2d 854, 854-855 [4th Dept 1997], lv denied 91 NY2d 897 [1998]; see People v Albert, 85 NY2d 851, 853 [1995]). Here, despite being afforded an opportunity to object or seek further relief when the court brought the issue to the parties' attention during deliberations, defendant did not do so and thus failed to preserve his claim (see CPL 470.05 [2]). The court therefore properly denied without a hearing the motion insofar as it was based on CPL 330.30 (1) because defendant's unpreserved argument "did not furnish a proper predicate for setting aside the verdict" (Albert, 85 NY2d at 853; see People v Schultz, 266 AD2d 919, 919 [4th Dept 1999], lv denied 94 NY2d 906 [2000]; People v Amato, 238 AD2d 432, 433 [2d Dept 1997], lv denied 90 NY2d 937 [1997]).
A trial court is also authorized to set aside a verdict on the ground that "during the trial there occurred, out of the presence of the court, improper conduct by a juror, or improper conduct by another person in relation to a juror, which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict" (CPL 330.30 [2]; see People v Rodriguez, 100 NY2d 30, 35 [2003]). Here, the record establishes that the alleged juror misconduct "was addressed by the court and counsel on the record at the time of trial" and that defendant thus "had knowledge of the matter prior to the verdict" (People v Scanlon, 52 AD3d 1035, 1039 [3d Dept 2008], lv denied 11 NY3d 741 [2008]). We therefore conclude that the court properly denied without a hearing the motion insofar as it was based on CPL 330.30 (2) because "the juror misconduct alleged was known to . . . defendant and . . . defendant had the opportunity to act on the information but failed to do so prior to the verdict" (People v Walsh, 222 AD2d 735, 736 [3d Dept 1995], lv denied 88 NY2d 855 [1996]; see People v Lowe, 166 AD3d 901, 902 [2d Dept 2018], lv denied 32 NY3d 1206 [2019]; People v Barrett, 231 AD2d 806, 807 [3d Dept 1996]).
Defendant failed to preserve for our review both his assertion that the court, in determining the sentence to be imposed, penalized him for exercising his right to a jury trial because the sentence imposed is longer than the pretrial plea offer (see People v Tetro, 181 AD3d 1286, 1290 [4th Dept 2020], lv denied 35 NY3d 1070 [2020]), and his conclusory contention that the sentence constitutes cruel and unusual punishment (see People v Pena, 28 NY3d 727, 730 [2017]; People v Suprunchik, 208 AD3d 1058, 1059 [4th Dept 2022]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Suprunchik, 208 AD3d at 1059; People v Elmore, 195 AD3d 1575, 1577 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]). Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court