People v Murray (2024 NY Slip Op 05716)

People v Murray

2024 NY Slip Op 05716

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

756 KA 18-02303

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MIZZIAH S. MURRAY, DEFENDANT-APPELLANT. 

TINA L. HARTWELL, PUBLIC DEFENDER, UTICA (JAMES P. GODEMANN OF COUNSEL), FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered June 15, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree, obstructing governmental administration in the second degree, resisting arrest and bicycle failure to keep right (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, we conclude that his sentence is not unduly harsh or severe. Defendant failed to preserve for our review his conclusory contention that the sentence constitutes cruel and unusual punishment (see People v Pena, 28 NY3d 727, 730 [2017]; People v Suprunchik, 208 AD3d 1058, 1059 [4th Dept 2022]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Suprunchik, 208 AD3d at 1059).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court